845 A.2d 684 (2004)
368 N.J. Super. 175
Orlando G. HARE, Plaintiff-Appellant,
v.
NEW JERSEY STATE PAROLE BOARD, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted March 16, 2004.
Decided April 5, 2004.
*685 Appellant filed a pro se brief.
Peter C. Harvey, Attorney General of New Jersey, attorney for respondent (Michael J. Haas, Assistant Attorney General, of counsel; Tamara L. Rudow, Deputy Attorney General, on the brief).
Appellant filed a pro se supplemental brief.
Before Judges PRESSLER, CIANCIA and PARKER.
The opinion of the court was delivered by
CIANCIA, J.A.D.
This is an appeal by defendant Orlando G. Hare from the denial of parole and the imposition of a twenty-four-month future eligibility term (FET) approved by the full Parole Board on June 25, 2003.
In 1992 defendant was sentenced to thirty years imprisonment for the 1990 manslaughter of a two-year-old child who had been left in his care. He also received concurrent sentences for three drug offenses. In April 2001 defendant was paroled. In January 2002 defendant violated parole by using drugs. His parole was revoked in March 2002 and, pursuant to N.J.A.C. 10A:71-7.17B(a)3, he was given a twelve-month FET. In May 2002 the matter was referred to a Board panel pursuant to N.J.A.C. 10A:71-3.15(b). The twomember panel subsequently denied parole and set a twenty-four-month FET. Defendant appealed that decision to the full Board which, on June 25, 2003, affirmed the adult Board panel's determination in a written decision. Defendant appealed to this court.
In his initial brief filed on July 30, 2003, defendant asserted:
PAROLE BOARD'S INCREASE OF THIS APPELLANT'S FUTURE ELIGIBILITY TERM FROM TWELVE MONTHS TO TWENTY-FOUR MONTHS WAS ILLEGAL.
In a subsequent brief filed on September 26, 2003, he contended:
POINT I
SINCE I HAD ALREADY RECEIVED A 12 MONTH FET ON MARCH 4, 2002 UPON MY PAROLE BEING REVOKED FOR A TECHNICAL VIOLATION, THE PANEL'S MAY 31, 2002 DECISION TO RENDER A SUBSEQUENT 24 MONTH FET WAS CONTRARY TO WRITTEN BOARD POLICY AND PROCEDURE (Raised Below).
POINT II
THE BOARD PANEL FAILED TO DOCUMENT THAT A PREPONDERANCE OF THE EVIDENCE INDICATES THAT THERE IS A SUBSTANTIAL LIKELIHOOD THAT THIS APPELLANT WILL COMMIT A CRIME IF RELEASED ON PAROLE (Raised Below).
POINT III
APPELLATE DIVISION SHOULD ASSIGN COUNSEL TO ASSIST THIS APPELLANT WITH MY EFFORTS TO PROVE THAT PAROLE OFFICIALS TAMPERED WITH RECORD IN ORDER TO COVER UP THE *686 FACT THAT A PANEL MEMBER DEMONSTRATED BIAS AGAINST ME AND FAILED TO COMPLY WITH THE BOARD'S PROFESSIONAL CODE OF CONDUCT (Partially Raised Below).
We find no merit in defendant's contentions.
The fundamental flaw in defendant's position is his belief that a parole violator can only be reincarcerated for a limited period of time, in his case twelve months. It is true that N.J.S.A. 30:4-123.64b provides that "[n]o future parole eligibility date for a parole violator returned to custody for reasons other than new criminal charges shall be set more than 1 full year from the date of the parolee's return to custody." It is also true that the corresponding regulations that address "schedule of future parole eligibility dates upon revocation of parole for inmates who violated parole..." provide that an adult inmate shall serve twelve months for failing to refrain from the use, possession, or distribution of a controlled dangerous substance. N.J.A.C. 10A:71-7.17B(a)3.
We do not, however, read the statute or regulations as mandating an inmate's release after the twelve-month period of additional incarceration. Once the initial FET is imposed following revocation of parole, the Board is at liberty to evaluate defendant as it would any other inmate seeking parole. That decision, in turn, is controlled by N.J.A.C. 10A:71-3.15 and N.J.A.C. 10A:71-3.21. The latter regulation states in relevant part:
(a) Upon determining to deny parole to a prison inmate, a two-member adult Board panel shall, based upon the following schedule, establish a future parole eligibility date upon which the inmate shall be primarily eligible for parole.
1. Except as provided herein, a prison inmate serving a sentence for murder, manslaughter, aggravated sexual assault or kidnapping, or serving any minimum-maximum or specific sentence in excess of 14 years for a crime not otherwise assigned pursuant to this section shall serve 27 additional months.
The twenty-four-month FET imposed on defendant was three months less than the presumptive term.[1]
We find nothing in the statutes or regulations to support defendant's legal theory. There is no reason why a Board panel denying parole at a subsequent release hearing should be bound by the FET determined by the former Board panel upon revocation of parole. In fact, N.J.S.A. 30:4-123.65 sets forth the "[l]imitation on time served," making clear that time served prior to parole, time served on parole (with certain exceptions) and the "duration of any time served after revocation of parole" is not to "exceed the term specified in the original sentence." Such a limitation is certainly consistent with the approach the Parole Board took in this instance towards the determination of defendant's parole eligibility.
Beyond this, the determination of the Parole Board appears to have been appropriately determined. Our scope of review is limited. A reviewing court must determine whether the factual finding could reasonably have been reached on sufficient credible evidence in the whole record. Trantino v. New Jersey State Parole Bd., 166 N.J. 113, 172, 764 A.2d 940 (2001), modified, 167 N.J. 619, 772 A.2d *687 926 (2001); New Jersey State Parole Bd. v. Cestari, 224 N.J.Super. 534, 547, 540 A.2d 1334 (App.Div.), certif. denied, 111 N.J. 649, 546 A.2d 558 (1988). Moreover, "Parole Board decisions are highly individualized discretionary appraisals," Trantino, supra, 166 N.J. at 173, 764 A.2d 940 (citing Beckworth v. New Jersey State Parole Bd., 62 N.J. 348, 359, 301 A.2d 727 (1973)), and should only be reversed if found to be arbitrary or capricious. Trantino, supra, 166 N.J. at 173, 764 A.2d 940. The Parole Board must determine by a preponderance of the evidence whether there is a substantial likelihood the inmate will commit another crime if released. Id. at 189, 764 A.2d 940.
The administrative regulations contain a non-exhaustive list of multiple factors the Board may consider in determining whether an inmate should be released on parole. N.J.A.C. 10A:71-3.11(b). The determination whether there is a substantial likelihood that an inmate will commit another crime if released is largely factual in nature. Trantino, supra, 166 N.J. at 172, 764 A.2d 940.
In the present instance, the Board panel determined a substantial likelihood that defendant would commit a new crime if released on parole at the present time. It relied upon defendant's prior criminal record, the fact that he is incarcerated for multi-crime convictions, his parole violation, the failure of prior incarceration to deter criminal behavior, and the insufficient insight into and resolution of his substance abuse problems. The full Board considered those reasons sufficient to deny parole and establish the twenty-fourmonth FET. The full Board also reviewed the hearing tape in relation to defendant's claim that a panel member had demonstrated bias or prejudice. The Board found that the tape did not reveal any showing of bias or prejudice nor any evidence that a panel member violated the Code of Conduct by "hollering" at defendant. There was no evidence of hostility heard on the tape.
We have also reviewed the 182-page confidential appendix submitted as part of the record by the Board. Among other things, that appendix includes multiple psychological evaluations of defendant some portions of which, particularly those more recent, are not favorable to defendant.
We are satisfied that the information supplied to the panel and reviewed by the Board provided ample credible evidence to support the Board's conclusion that there is a substantial risk that defendant will commit another crime if released. We will not second-guess the Board's decision in these circumstances.
The June 25, 2003 final decision of the New Jersey State Parole Board is affirmed.
NOTES
[1] The presumptive term is subject to a ninemonth increase or decrease. N.J.A.C. 10A:71-3.21(c).