**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2010-14T4

WAYNE COLE,

    Appellant,

v.

NEW JERSEY STATE PAROLE BOARD,

    Respondent.

_____

Submitted December 21, 2016 — Decided  May 9, 2017

Before Judges Simonelli and Gooden Brown.

On appeal from the New Jersey State Parole Board.

Wayne Cole, appellant pro se.

Christopher S. Porrino, Attorney General, attorney for respondent (Lisa A. Puglisi, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

    Appellant Wayne Cole, an inmate at Northern State Prison, appeals from the August 27, 2014 final agency decision of the State Parole Board (Board), which affirmed the decision of a three-

member Board Panel (Panel) to deny parole and impose a 168-month future eligibility term (FET). For the reasons that follow, we affirm.

Cole was charged in a seventy-count indictment with attempted murder (eleven counts), kidnapping (three counts), aggravated assault (forty-seven counts), endangering the welfare of a child (two counts), weapons offenses (four counts), armed burglary (two counts), and criminal mischief (one count). The charges stemmed from Cole holding his paramour and her two young children hostage in a motel room at gunpoint. Cole fired at several police officers who responded to the domestic dispute during a lengthy stand-off that finally ended with Cole surrendering. Following a jury trial, Cole was convicted of sixty-three of the seventy counts and, after appropriate mergers, was sentenced on twenty-four counts to an aggregate term of 123 years' imprisonment with fifty-two and one-half years of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2.

On appeal, we reversed Cole's convictions and remanded for a new trial. On March 1, 2000, Cole pled guilty to one count of first-degree kidnapping, N.J.S.A. 2C:13-1(a); one count of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); and five counts of first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3. On March 29, 2000, Cole was sentenced to

2

an aggregate term of forty years' imprisonment with a twenty-year period of parole ineligibility.

Cole became eligible for parole on December 23, 2013. A hearing officer conducted an initial hearing on July 3, 2013, and referred the matter to a Panel. After conducting an interview and considering documentation in the case file as well as confidential materials and a professional report, on August 23, 2013, a two-member Panel denied Cole parole. To support the denial, the Panel cited prosecutorial objection; Cole's prior criminal record;[1] the failure of a prior incarceration to deter his criminal behavior; and Cole's commission of numerous, persistent, and serious institutional infractions, which were consistent with his prior criminal record and resulted in the loss of commutation time, confinement in detention and administrative segregation.[2]

In addition, the Panel relied on Cole's insufficient problem resolution skills, evidenced by a lack of insight into his criminal behavior, his denial of his crimes, his minimization of his

---

[1] Cole was previously convicted for shoplifting and possession of a controlled dangerous substance. On the drug charge, he received a one-year prison sentence.

[2] As of August 23, 2013, Cole had committed thirty-one institutional infractions, the most recent occurring on February 28, 2013. At least eleven infractions were asterisk offenses. Asterisk offenses "are considered the most serious and result in the most severe sanctions[.]" N.J.A.C. 10A:4-4.1(a).

A-2010-14T4

conduct, and his failure to sufficiently address a substance abuse problem despite blaming his crimes on alcohol. The Panel also noted that Cole lacked remorse and has taken "no responsibility for his assaultive behavior[,] which has continued in prison[.]"

In mitigation, the Panel considered Cole's participation in institutional programs, his average to above-average institutional reports, his attempts to enroll and participate in programs, although not admitted, and the restoration of commutation time. Nonetheless, the Panel denied parole finding "a substantial likelihood" that Cole would commit a new crime if released on parole and referred the matter to a three-member Panel for the establishment of a FET in excess of the regulatory guidelines.

In a January 14, 2014 written decision, the three-member Panel affirmed the denial of parole and imposed a 168-month FET pursuant to N.J.A.C. 10A:71-3.21(d).[3] After considering the factors enumerated in N.J.A.C. 10A:71-3.11,[4] the Board determined

---

[3] N.J.A.C. 10A:71-3.21(d) authorizes a three-member Panel to "establish a future parole eligibility date which differs from that required by the provisions of (a) or (b) and (c) . . . if the future parole eligibility date which would be established pursuant to such subsections is clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior."

[4] N.J.A.C. 10A:71-3.11(a) provides that "[p]arole decisions shall be based on the aggregate of all pertinent factors . . . ." Subsection (b) provides that "[t]he hearing officer, Board panel

"that the factors supporting the denial of parole, collectively, [were] of such a serious nature as to warrant the setting of a [FET] which differs from the presumptive term[,]" and any term less than a 168-month FET "would be wholly inconsistent with the conclusion that, after nineteen . . . years of incarceration, [Cole] ha[d] not shown the requisite amount of rehabilitative progress in reducing the likelihood of future criminal activity."

Cole appealed both the two-member and the three-member Panel decisions to the full Board. In an August 27, 2014 final written decision, the Board affirmed the denial of parole and the imposition of a 168-month FET term. The Board concurred with the two-member Panel's determination that "a preponderance of evidence" indicated "that there [was] a substantial likelihood that [Cole] would commit a crime if released on parole at this time." The Board also concurred with the determination of the three-member Panel to establish a 168-month FET.

In addressing Cole's assertion that the Panels considered an incomplete record, which omitted his participation in several programs, the Board noted that the Panels amended their respective decisions to include his participation in those programs as a

---

or Board shall consider [the twenty-three enumerated factors] and, in addition, may consider any other factors deemed relevant" at a parole hearing.

mitigating factor. However, the Board also noted the inclusion of Cole's Risk Assessment Evaluation Score of thirty-seven, which was indicative of a high risk for recidivism, and pointed out that notwithstanding these amendments, the Panel decisions remained unchanged.

The Board confirmed that, given Cole's sentence date, the appropriate parole release standard was "whether the preponderance of evidence indicate[d] a substantial likelihood that [Cole] would commit a new crime if released on parole" and rejected Cole's contention that the Panels applied an incorrect standard. The Board also rejected Cole's argument that the Panels based their decisions solely "on the negative aspects in the record[.]" Rather, the Board concluded that the Panels considered "the entire record governed by the factors set forth in . . . N.J.A.C. 10A:71-3.11."

In addition, the Board found that the Panels properly considered Cole's "commission of serious disciplinary infractions" as permitted under N.J.A.C. 10A:71-3.11(b)(2), and Cole's "adjustment to incarceration to determine [his] suitability for parole[,]" as permitted under N.J.A.C. 10A:71-3.11(b)(4). Similarly, Cole's statements "reflecting on the substantial likelihood that he will commit another crime[,]" were properly considered by the Panels pursuant to N.J.A.C. 10A:71-3.11(b)(17).

In addition, the Board determined that the Panels' consideration of information classified as confidential pursuant to N.J.A.C. 10A:71-2.2(c) was appropriate, and the Board was in agreement with both the Panels' utilization of the information and its classification as confidential.

In rejecting Cole's contentions that his acknowledgement of responsibility for his wrongdoing and his rehabilitative efforts were disregarded, the Board noted that "program participation is one factor of many . . . and is not the only indicator of rehabilitation." Further, the Board found that Cole's "program participation [did] not negate the fact that [Cole] still lack[ed] insight into [his] criminal behavior, den[ied his] crime and minimize[d his] conduct." The Board explained:

> [A]lthough it appears that you have made some progress, your criminal behavior is deeply rooted as evidenced by your many institutional infractions. This contradicts your assertion of sufficient rehabilitation. Further, . . . you have a serious and extensive substance abuse problem and . . . you admit to being "very very intoxicated" at the time of the present offense. The Board notes that while acknowledging the serious consequences of your criminal activity and substance abuse is a step towards rehabilitation, it represents only an initial effort at rehabilitation. Further, the Board finds . . . that you are either unable or unwilling to sufficiently address your addiction/extreme conduct with substantive counseling. Additionally, your continued accrual of institutional infractions makes obtaining the counseling you

need even more difficult. The Board further finds that your admission of guilt may help you to develop insight into the causes of your criminal behavior, but does not equate to a change in your behavior. The Board finds that . . . [y]ou have a prolonged and distinct history of violence which cannot be merely qualified and excused. You have failed to explore and address the root causes of your violent and maladaptive conduct through institutional programming or by some other method which could yield progress in this key area. Therefore, in assessing your case, the Board concurs with the determination of the Board panel that, based on the aggregate of all relevant factors, there is a substantial likelihood that you will commit another crime if released on parole at this time.

. . . .

Finally, the Board finds that other than your own interpretation of information that is already part of the record[,] you have not identified any material facts the Board panel failed to consider or any written Board policy or procedure to which the Board panel's decision is contrary.

Cole filed this appeal, presenting the following contentions for our consideration:

POINT ONE

THE PAROLE BOARD DETERMINATION SHOULD BE OVERTURNED BECAUSE THE RECORD DOES NOT SUPPORT A FINDING THAT IF RELEASED, THE APPELLANT WOULD COMMIT ANOTHER CRIME.

POINT TWO

THE FET IMPOSED IS EXCESSIVE AND SHOULD BE REDUCED.

We have considered these contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed in the Board's comprehensive written decision. We add only the following brief comments.

Our review of the Board's decisions is limited. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div.), certif. denied, 180 N.J. 452 (2004). "Parole Board decisions are highly individualized discretionary appraisals, and should only be reversed if found to be arbitrary or capricious." Id. at 179-80 (citations and internal quotation marks omitted). As directed by our Supreme Court, our task is to determine

> (1)whether the agency's action violates express or implied legislative policy, i.e., did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Trantino v. N.J. State Parole Bd., 166 N.J. 113, 172 (2001).]

Thus, where the Board has applied the correct legal standard, our role is limited to determining whether the decision was arbitrary, capricious or unreasonable. McGowan v. N.J. State

Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). We "must determine whether the factual finding could reasonably have been reached on sufficient credible evidence in the whole record." Hare, supra, 368 N.J. Super. at 179. In making this determination, we "may not substitute [our] judgment for that of the agency, and an agency's exercise of its statutorily-delegated responsibilities is accorded a strong presumption of reasonableness." McGowan, supra, 347 N.J. Super. at 563 (citation omitted). Accordingly, "[t]he burden of showing that an action was arbitrary, unreasonable or capricious rests upon the appellant." Ibid.

Under N.J.A.C. 10A:71-3.21(a)(1), upon a determination to deny parole to a prison inmate, the standard future parole eligibility date upon which the inmate shall be primarily eligible for parole shall be twenty-seven additional months for "a prison inmate serving a sentence for . . . kidnapping or serving any minimum-maximum or specific sentence in excess of [fourteen] years[.]" However, the Board may exceed the FET guidelines if the standard term is "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior." N.J.A.C. 10A:71-3.21(d). In determining that the presumptive FET terms are "clearly inappropriate, the three-member panel shall consider the factors enumerated in N.J.A.C. 10A:71-3.11." Ibid.

Here, we discern no basis to disturb the Board's decision. The Board considered all relevant factors under N.J.A.C. 10A:71-3.11, and its decision is supported by sufficient credible evidence in the record and is entitled to our deference.  Likewise, we are satisfied that the imposition of a 168-month FET, although lengthy, was neither arbitrary, capricious nor unreasonable.  See McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 565 (App. Div. 2002) (affirming the imposition of a thirty-year FET based on appellant's high likelihood of recidivism).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION