**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1392-15T3

PETER A. MAZZA, JR.,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

_____

Submitted February 9, 2017 — Decided May 25, 2017

Before Judges Lihotz and O'Connor.

On appeal from the New Jersey State Parole
Board.

Peter A. Mazza, Jr., appellant pro se.

Christopher S. Porrino, Attorney General,
attorney for respondent (Lisa A. Puglisi,
Assistant Attorney General, of counsel;
Gregory R. Bueno, Deputy Attorney General,
on the brief).

PER CURIAM

    Appellant Peter Mazza appeals from the October 22, 2015

final agency decision of the New Jersey State Parole Board

(Board) denying him parole and imposing a ninety-six month future eligibility term (FET). We affirm.

In 1998, a jury convicted appellant of first-degree arson, N.J.S.A. 2C:17-1(d); second-degree aggravated arson, N.J.S.A. 2C:17-1(a); second-degree conspiracy to commit arson, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:17-1(d); and third-degree arson, N.J.S.A. 2C:17-1(b). In January 1999, appellant was sentenced in the aggregate to a fifty-year term of imprisonment, with a sixteen-year period of parole ineligibility.

Appellant became eligible for parole on May 2, 2014. However, a two-member panel of the Board denied him parole and referred his matter to a three-member panel (panel) to establish a future eligibility term. The panel determined a ninety-six-month FET was appropriate.

In a comprehensive decision, the panel noted that: (1) appellant has an extensive prior criminal record, which includes approximately twenty-five indictable convictions; (2) prior opportunities on community supervision and previous incarcerations failed to deter his criminal conduct; (3) during his incarceration for the subject offenses, appellant committed twenty-nine disciplinary infractions; (4) although he has some limited understanding of the dynamics that cause him to succumb to criminal activity, appellant continues to lack sufficient

2

insight into why he commits crimes; and (5) appellant has not yet confronted and resolved his predilection to abuse illicit substances when under stress, the use of which in the past often led to criminal activity.

After considering the applicable factors in N.J.A.C. 10A:71-3.11(b), the panel determined appellant remained a threat to public safety, essentially for the reasons enumerated above. The panel further found that, pursuant to N.J.A.C. 10A:71-3.21(d), a FET of ninety-six months was appropriate given appellant's lack of progress in reducing the likelihood he would engage in criminal behavior if released. The panel did observe the ninety-six month FET, which commenced on May 2, 2014, will be reduced by any commutation, work, or minimum custody credits appellant earns. Given the credits he has earned so far, appellant's projected parole eligibility date is May 2019.

Appellant filed an appeal with the full Board. On October 22, 2015, the Board upheld the recommendation to deny parole and to impose a ninety-six-month FET. This appeal ensued.

On appeal, appellant presents the following arguments for our consideration:

> POINT I: THE APPLICANT PETER MAZZA HAS DEMONSTRATED GOOD CAUSE FOR THE RECONSIDERATION OF THE RESULT OBTAINED BY THE ADULT PANEL AT THE HEARING IN QUESTION.

3

POINT II: THE ADULT PANEL SUBJECTED
APPLICANT TO THE VERY SORT OF UNJUST RESULT
THAT THE PREPONDERANCE OF THE EVIDENCE
STANDARD WAS INTENDED WITH THE PURPOSE(S) TO
PREVENT.

POINT III: THE ADULT PANEL COMMITTED
PROCEDURAL ERROR BY THE OVEREVALUATION OF
IMPERMISSIBLE EXTRANEOUS INFORMATION
INFLUENCES.

POINT IV: THE BOARD PANEL ABUSED ITS
DISCRETION BY IMPOSING A FUTURE ELIGIBILITY
TERM OF (96) MONTHS ABOVE THE NORMAL (36)
MONTHS AUTHORIZED BY N.J.A.C. 10A:71-3.21(a)
AND (c).

We have considered these contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D). We affirm substantially for the reasons expressed in the Parole Board's comprehensive written decision. We add only the following brief comments.

We must accord considerable deference to the Board and its expertise in parole matters. Our review of a Parole Board's decisions is limited. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div.), certif. denied, 180 N.J. 452 (2004). "'Parole Board decisions are highly individualized discretionary appraisals,' and should only be reversed if found to be arbitrary or capricious." Id. at 179-80 (citations omitted) (quoting Trantino v. N.J. State Parole Bd., 166 N.J.

4

113, 173 (2001)).  We "must determine whether the factual finding could reasonably have been reached on sufficient credible evidence in the whole record."  Id. at 179.  In making this determination, we "may not substitute [our] judgment for that of the agency, and an agency's exercise of its statutorily-delegated responsibilities is accorded a strong presumption of reasonableness."  McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002) (citation omitted). Accordingly, "[t]he burden of showing that an action was arbitrary, unreasonable or capricious rests upon the appellant." Ibid.

An inmate serving a minimum term in excess of fourteen years is ordinarily assigned a twenty-seven-month FET after a denial of parole.  See N.J.A.C. 10A:71-3.21(a)(1).  However, in cases where an ordinary FET is "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior," the Board may impose a greater FET.  N.J.A.C. 10A:71-3.21(d).

Here, we discern no basis to disturb the Board's decision. The Board considered the relevant factors in N.J.A.C. 10A:71-3.11.  Its decision is supported by sufficient credible evidence in the record and is entitled to our deference.  We are satisfied the imposition of a ninety-six-month FET was neither

5

arbitrary, capricious nor unreasonable.  See McGowan, supra, 347 N.J. Super. at 565 (affirming the imposition of a thirty-year FET based on appellant's high likelihood of recidivism).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION