**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4451-15T1

DANIEL CARABALLO,

    Appellant,

v.

NEW JERSEY STATE PAROLE BOARD,

    Respondent.

_____

        Submitted June 7, 2017 — Decided June 28, 2017

        Before Judges Simonelli and Carroll.

        On appeal from the New Jersey State Parole Board.

        Daniel Caraballo, appellant pro se.

        Christopher S. Porrino, Attorney General, attorney for respondent (Lisa A. Puglisi, Assistant Attorney General, of counsel; Gregory R. Bueno, Deputy Attorney General, on the brief).

PER CURIAM

    Appellant Daniel Caraballo appeals from the March 23, 2016 final agency decision of the New Jersey State Parole Board (Board) denying him parole and imposing a ninety-six month future eligibility term (FET). We affirm.

In March 1985, a jury convicted appellant of murder, aggravated assault, and two weapons offenses. On April 18, 1985, appellant was sentenced to life imprisonment with an aggregate thirty-year mandatory minimum period of parole ineligibility.

Appellant became eligible for parole on August 29, 2014. However, a two-member panel of the Board denied him parole and referred his matter to a three-member panel (panel) to establish a FET. The panel determined a ninety-six-month FET was appropriate.

In a comprehensive decision, the panel noted that: (1) appellant has a prior criminal record, which includes convictions for possession of stolen property and intent to commit robbery; (2) the nature of appellant's criminal record was increasingly more serious, and he was presently incarcerated for a multi-crime conviction; (3) prior opportunities on community supervision and previous incarceration failed to deter his criminal conduct; (4) during his incarceration for the subject offenses, appellant committed twenty-six disciplinary infractions, seven of which were of the asterisk (serious) variety; (5) insufficient problem resolution, including appellant's lack of insight into his criminal behavior, minimizing his maladaptive behavior, and his failure to sufficiently address his substance abuse problem; and

(6) his risk assessment evaluation score of twenty nine, which denotes a medium risk of recidivism.

After considering the applicable factors in N.J.A.C. 10A:71-3.11(b), the panel determined appellant remained a substantial threat to public safety, essentially for the reasons enumerated above. The panel further found that, pursuant to N.J.A.C. 10A:71-3.21(d), a FET of ninety-six months was appropriate given appellant's lack of rehabilitative progress in reducing the likelihood he would engage in criminal behavior if released. The panel did observe the ninety-six month FET, which commenced on August 29, 2014, will be reduced by any commutation, work, or minimum custody credits appellant earns. Given the credits appellant is currently earning, his projected parole eligibility date is January 2019.

Appellant filed an appeal with the full Board. On March 23, 2016, the Board upheld the recommendation to deny parole and to impose a ninety-six-month FET. This appeal ensued.

On appeal, appellant presents the following arguments for our consideration:

> POINT ONE
>
> THE PAROLE BOARD DETERMINATION SHOULD BE OVERTURNED BECAUSE THE RECORD DOES NOT SUPPORT A FINDING THAT IF RELEASED, [] APPELLANT WOULD COMMIT ANOTHER CRIME.

A-4451-15T1

POINT TWO

THE PANEL DECISION SHOULD BE REVERSED BECAUSE
THE BOARD CONSIDERED AS FACTORS FOR DENIAL,
OFFENSES WHICH HAD BEEN REDUCED IN TERMS OF
THEIR SEVERITY, AND THEREBY, ATTRIBUTED TO
THEM MORE WEIGHT THAN NECESSARY.

POINT THREE

THE FET IMPOSED IS EXCESSIVE AND SHOULD BE
REDUCED.

We have considered these contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(D). We affirm substantially for the reasons expressed in the Board's comprehensive written decision. We add only the following brief comments.

We must accord considerable deference to the Board and its expertise in parole matters. Our review of a Parole Board's decision is limited. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div.), certif. denied, 180 N.J. 452 (2004). "'Parole Board decisions are highly individualized discretionary appraisals,' and should only be reversed if found to be arbitrary or capricious." Id. at 179-80 (citations omitted) (quoting Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001)). We "must determine whether the factual finding could reasonably have been reached on sufficient credible evidence in the whole record."

<u>Id.</u> at 179. In making this determination, we "may not substitute [our] judgment for that of the agency, and an agency's exercise of its statutorily-delegated responsibilities is accorded a strong presumption of reasonableness." <u>McGowan v. N.J. State Parole Bd.</u>, 347 <u>N.J. Super.</u> 544, 563 (App. Div. 2002) (citation omitted). Accordingly, "[t]he burden of showing that an action was arbitrary, unreasonable or capricious rests upon the appellant." <u>Ibid.</u>

An inmate serving a minimum term in excess of fourteen years is ordinarily assigned a twenty-seven-month FET after a denial of parole. <u>See</u> <u>N.J.A.C.</u> 10A:71-3.21(a)(1). However, in cases where an ordinary FET is "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior[,]" the Board may impose a greater FET. <u>N.J.A.C.</u> 10A:71-3.21(d).

Here, we discern no basis to disturb the Board's decision. The Board considered the relevant factors in <u>N.J.A.C.</u> 10A:71-3.11. Its decision is supported by sufficient credible evidence in the record and is entitled to our deference. We are satisfied the imposition of a ninety-six-month FET was neither arbitrary, capricious nor unreasonable. <u>See</u> <u>McGowan</u>, <u>supra</u>, 347 <u>N.J. Super.</u> at 565 (affirming the imposition of a thirty-year FET based on appellant's high likelihood of recidivism).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4451-15T1