**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4918-16T3

KHALID MUJAHIDDEEN,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted January 29, 2019 – Decided March 18, 2019

Before Judges Yannotti and Gilson.

On appeal from the New Jersey State Parole Board.

Khalid Mujahiddeen, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Khalid Mujahiddeen appeals from a May 31, 2017 final agency decision of the Parole Board imposing a 120-month future eligibility term (FET) after it had previously denied him parole. We affirm.

In 1984, appellant pled guilty to first-degree felony murder, N.J.S.A. 2C:11-3(a)(3), and first-degree conspiracy to commit armed robbery, N.J.S.A. 2C:15-1 and N.J.S.A. 2C:5-2. He was sentenced to life imprisonment with thirty years of parole ineligibility for the murder conviction and a concurrent term of ten years for the conspiracy conviction.

Appellant became eligible for parole for the first time in 2014. A two-member Board panel denied parole and referred the matter to a three-member Board panel to consider the imposition of an FET outside the administrative guidelines. The three-member Board panel imposed a 180-month FET. Appellant administratively appealed that decision, and on September 24, 2014, the full Board affirmed both the denial of parole and the 180-month FET.

Appellant appealed to us from the full Board's 2014 final agency decision. We affirmed the denial of parole, but vacated the FET and remanded the matter to the Board for reconsideration of the FET, instructing the Board to fully articulate why it was imposing an FET beyond the presumptive term.

2

<u>Mujahiddeen v. N.J. State Parole Bd.</u>, No. A-1309-13 (App. Div. Aug. 30, 2016).

On remand, a three-member panel of the Board reconsidered the initial 180-month FET and established a 120-month FET. The panel gave detailed reasons for establishing that 120-month FET. The panel also explained why it was establishing an FET greater than the presumptive FET. In that regard, the panel stated that after more than thirty years of incarceration, appellant still did not fully understand the seriousness of his past criminal conduct and he continued to ignore the "core reasons" for his behavior. The panel also explained that appellant presented as an individual who justifies his past criminal conduct, and fails to take full responsibility for his actions. Accordingly, the panel found that appellant is an individual who requires additional counseling and needs to participate in more programs. The three-member panel noted that the imposition of a 120-month FET would result in defendant being eligible for future parole consideration in August 2019.

Appellant administratively appealed that decision to the full Board. On May 31, 2017, the full Board issued a final agency decision reaffirming its prior denial of parole and affirming the imposition of a 120-month FET. Like the

three-member panel, the full Board gave detailed written reasons for its decisions.

On this appeal, appellant contends that the Board failed to follow our directives on remand and that the 120-month FET is excessive. We disagree.

Our standard of review of Board decisions is limited and "grounded in strong public policy concerns and practical realities." Trantino v. N.J. State Parole Bd., 166 N.J. 113, 200, judgment modified, 167 N.J. 619 (2001). "To a greater degree than is the case with other administrative agencies, the Parole Board's decision-making function involves individualized discretionary appraisals." Id. at 201 (citing Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 358-59 (1973)). Accordingly, "[w]e may overturn the Parole Board's decisions only if they are arbitrary and capricious." Ibid. With respect to the Board's factual findings, we do not disturb them if they "could reasonably have been reached on sufficient credible evidence in the whole record." Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004) (citing Trantino, 166 N.J. at 172). We accord such deference because "[t]he decision of a parole board involves 'discretionary assessment[s] of a multiplicity of imponderables[.]'" Trantino, 166 N.J. at 201 (second alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 10 (1979)).

After denying parole, the Board must establish an FET. N.J.A.C. 10A:71-3.18(a)(2). When the Board denies parole for an inmate serving a life sentence, the standard FET is twenty-seven months. N.J.A.C. 10A:71-3.21(a)(1). The Board, however, may exceed the FET guidelines if it determines that the presumption of twenty-seven months is "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior." N.J.A.C. 10A:71-3.21(d).

Where the two-member Board panel finds unsatisfactory progress, it refers the case to a third member who then reviews the hearing record. N.J.A.C. 10A:71-3.21(d)(1). Thereafter, the three-member Board panel establishes an FET that differs from the presumptive twenty-seven months, and provides the inmate with written reasons for the established FET. N.J.A.C. 10A:71-3.21(d)(4).[1] In reaching its decision, the three-member Board panel must considers the applicable factors enumerated in N.J.A.C. 10A:71-3.11(b), focusing "on the likelihood of recidivism." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 565 (App. Div. 2002).

---

[1] Where the three members are unable to reach a unanimous decision, the case is referred to the full Board to set an FET. N.J.A.C. 10A:71-3.21(d)(5).

On remand, the Board did exactly as we directed. In November 2016, a three-member Board panel reconsidered appellant's FET. That panel then issued a written decision articulating its reasons for imposing a 120-month FET. Both the panel and full Board explained that the length of the FET permitted appellant the time necessary to complete programming and counseling required to assist him in understanding and addressing the root causes of his criminal behavior. The Board's articulated reasons demonstrate that it was acting within its discretion and that its decision was not arbitrary, capricious, or unreasonable.

Appellant also argues that the Board's decision is flawed because the Board did not specifically identify the programs he needed to address his issues. The Board, however, is not required to recommend particular programs to an inmate. Accordingly, that is not a basis for us to reverse the Board.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4918-16T3