**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3791-16T4

OMAR ROSS,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

_____

Submitted February 25, 2019 – Decided May 15, 2019

Before Judges Haas and Sumners.

On appeal from the New Jersey State Parole Board.

Omar Ross, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Omar Ross, currently an inmate incarcerated at New Jersey State Prison, appeals from a final agency decision by the New Jersey State Parole Board (Board) revoking his parole and establishing a thirteen-month future eligibility term (FET). We affirm.

Having pled guilty to second-degree robbery, N.J.S.A. 2C:15-1 and third-degree burglary, N.J.S.A. 2C:18-2, Ross was sentenced on July 31, 2009, to an aggregate prison term of ten years, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, which included three years of mandatory parole supervision.

After serving eighty-five percent of his sentence, Ross was released on mandatory parole supervision. Within five months, Ross was charged with violation of parole for failing to successfully complete the PROMISE program for substance abuse. A hearing officer subsequently found by clear and convincing evidence that Ross had violated his parole by not completing the program. This was followed by the determination of a two-member Board Panel to uphold the hearing officer's findings and decision, revoke Ross' parole, and impose a thirteen-month FET.

Ross' appeal of his parole revocation and the thirteen-month FET to the full Board was denied. The full Board decided that the Panel "reviewed and considered all relevant facts pertaining to Mr. Ross' violations of the conditions

of his mandatory supervision and determined that there was clear and convincing evidence [of the violation]."

In his appeal, Ross raises the following arguments:

POINT I

[THE BOARD] FAILED TO MEET THE CLEAR AND CONVINCING EVIDENCE STANDARD, AND AS A RESULT, THE PANEL VIOLATED [N.J.A.C.][1] 10A:71-7.12 BY REVOKING APPELLANT'S PAROLE.

POINT II

THE PANEL'S DECISION WAS A[R]BITRARY AND CAPRICIOUS BECAUSE IT FAILED TO [DOCUMENT] CLEAR AND CONVINCING EVIDENCE DEMONSTRATING THAT APPELLANT SERIOUSLY OR PERSISTENTLY VIOLATED CONDITIONS OF PAROLE.

We have considered the contentions raised by Ross and conclude that they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by the Board in its thorough decision. We add the following remarks.

In reviewing a final decision of the Board, we consider: (1) whether the Board's action is consistent with the applicable law; (2) whether there is

---

[1] Incorrectly cited as N.J.S.A. in the brief.

substantial credible evidence in the record as a whole to support its findings; and (3) whether in applying the law to the facts, the Board erroneously reached a conclusion that could not have been reasonably made based on the relevant facts. Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998). Consequently, where the Board has applied the correct legal standard, our role is limited to determining whether the decision was arbitrary, capricious or unreasonable. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). We "must determine whether the factual finding could reasonably have been reached on sufficient credible evidence in the whole record." Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004). In making this determination, we "may not substitute [our] judgment for that of the agency, and an agency's exercise of its statutorily-delegated responsibilities is accorded a strong presumption of reasonableness." McGowan, 347 N.J. Super. at 563 (citation omitted). Thus, "[t]he burden of showing that an action was arbitrary, unreasonable or capricious rests upon the appellant." Ibid.

In this matter, the Board's ruling was consistent with the applicable law as its extensive findings, which we need not repeat here, are based upon credible evidence in the record demonstrating a sound basis for its decision to revoke Ross' parole. And in its final decision, the Board articulated ample cause for

imposing the thirteen-month FET, which is neither arbitrary nor capricious. On this record, we thus have no reason to second-guess those findings or conclusions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3791-16T4