**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3372-17T4

MAURICE ESPINO,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted October 2, 2019 – Decided October 30, 2019

Before Judges Yannotti, Hoffman and Firko.

On appeal from the New Jersey State Parole Board.

Maurice Espino, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Maurice Espino appeals from a final determination of the New Jersey State Parole Board (Board), which upheld a decision of a two-member Board panel that denied his application for parole and established a twenty-seven-month future eligibility term (FET). We affirm.

Espino is presently incarcerated at Northern State Prison, where he is serving a life sentence, with thirty years of parole ineligibility, as a result of his convictions for first-degree murder, N.J.S.A. 2C:11-3(a)(3); first-degree robbery, N.J.S.A. 2C:15-1; and third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b).

The record shows that in July 1984, the police responded to a report that gunshots were fired at a location on South 7th Street in the City of Newark. The police found Ralph Guthrie lying face down on the back of a pickup truck. Guthrie was transported to a hospital, where he died. Confidential informants reported that Espino was involved in a robbery and shooting on 7th Street.

Detectives located Espino and, after they informed him of his rights, he provided a statement admitting that he and two other men decided to rob a drug dealer on South 7th Street. Espino identified the two men as Darren Davis and Willie Jones. Espino said he acted as the lookout, while Davis and Jones approached Guthrie. According to Espino, Davis and Jones took Guthrie to a

vacant lot, searched him, and took his wallet. They then had him remove his shoes and lay on the ground. As Davis and Jones began to run, one of the two men turned and fired a shot at Guthrie.

After Espino was tried and found guilty of murder and robbery, he pled guilty to offenses committed in March 1984, when Espino and two other persons robbed an individual as he left a building on West Market Street in Newark. Espino held a .22 caliber handgun to the victim's head and demanded that he give him money. The victim only had ten dollars in his pocket.

In 2016, Espino first became eligible for parole. A two-member Board panel denied parole on January 22, 2016, and established a thirty-six-month FET. Espino filed an administrative appeal. On October 26, 2016, the Board affirmed the panel's decision. Espino did not appeal the Board's decision.

In 2017, Espino again became eligible for parole. A two-member Board panel interviewed Espino and reviewed the pre-parole report, documents in the case file, and confidential materials. The panel issued a decision dated November 6, 2017, which denied parole and established a twenty-seven-month FET. In its decision, the panel had cited Espino's risk assessment score, the Level of Service Inventory – Revised (LSI-R) both as a mitigating factor and as a reason for denying parole.

Espino filed an administrative appeal, seeking review of the panel's decision by the full Board. Thereafter, the panel amended its decision and deleted the LSI-R score as a mitigating factor. The Board issued its final decision on February 28, 2018, and affirmed the panel's decision to deny parole and establish the FET. This appeal followed.

On appeal, Espino argues that the Board's decision should be reversed and the matter remanded to the Board for a "full" hearing. He contends the Board: irrationally weighed and considered certain factors; undervalued his development of new "marketable skills"; improperly relied on the same evidence used in previously denying him parole; and erred by stating that the issue regarding the panel's consideration of the risk assessment score was moot.

"The Parole Board has broad but not unlimited discretionary powers in reviewing an inmate's record and rendering a release decision." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). "To a greater degree than is the case with other administrative agencies, the Parole Board's decision-making function involves individualized discretionary appraisals." Trantino v. N.J. State Parole Bd., 166 N.J. 113, 201 (2001) (Trantino V). Therefore, the scope of appellate review of the Board's decisions is "limited." Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004).

4

Accordingly, a decision of the Parole Board should be reversed only if "arbitrary and capricious." Trantino V, 166 N.J. at 201. Furthermore, the Board's factual findings must be upheld if they "could reasonably have been reached on sufficient credible evidence in the whole record." Trantino v. N.J. State Parole Bd., 154 N.J. 19, 24 (1998) (Trantino IV) (quoting N.J. State Parole Bd. v. Cestari, 224 N.J. Super. 534, 547 (App. Div. 1988)). Therefore, when reviewing a decision of the Board to deny parole, we consider:

> (1) whether the agency's action violates express or implied legislative policies, i.e., did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Ibid.]

"Parole for a conviction imposed on offenses committed before August 18, 1997, 'is governed by the standard[s] in N.J.S.A. 30:4-123.53(a) and 30:4-123.56(c) prior to the amendment of those statutes on that date.'" Perry v. N.J. State Parole Bd., 459 N.J. Super. 186, 194 (App. Div. 2019) (quoting Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7 (App. Div. 2000)). The pre-amendment statute states, in relevant part:

> [a]n adult inmate shall be released on parole at the time of parole eligibility, unless information supplied in the report filed . . . or developed or produced at a hearing . . . Indicates by a preponderance of the evidence that there is a substantial likelihood that the inmate will commit a crime . . . if released on parole at such time.
>
> [N.J.S.A. 30:4-123.53(a) (1979); see also N.J.S.A. 30:4-123.56(c) (1979) (substantially similar).]

Thus, under the statute in effect prior to August 18, 1997, "the likelihood of future criminal conduct [i]s the determinative test," and "effectively establishes a presumption in favor of parole." In re Trantino Parole Application, 89 N.J. 347, 355-56 (1982). Accordingly, the State has the burden to demonstrate "there is a substantial likelihood that the inmate will commit a crime . . . if released on parole at such time." See Trantino V, 166 N.J. at 197 (quoting N.J.S.A. 30:4-123.53(a)).

The Board's determination of parole eligibility must be "based on the aggregate of all pertinent" evidence, including twenty-three enumerated, but non-exhaustive, factors. N.J.A.C. 10A:71-3.11(a) to (b). There is, however, no requirement that the Board consider each of the enumerated factors. McGowan, 347 N.J. Super. at 561. The Board is only required to consider the factors that are applicable to the case. Ibid.

Here, the panel concluded that parole should be denied. The panel cited the following reasons for its decision: (1) the facts and circumstances of Espino's offense, specifically murder; (2) his prior offense record; (3) the increasingly serious nature of his criminal record; (4) his incarceration is due to multiple offenses; (5) Espino committed a new offense while on parole; (6) Espino had a prior opportunity or opportunities for probation, which failed to deter criminal behavior; (7) his prior incarceration or incarcerations failed to deter criminal behavior; (8) he had numerous and persistent institutional infractions; (9) he did not have an adequate parole plan to assist in his successful reintegration into the community; (10) he had demonstrated insufficient problem resolution ability; and (11) he had a score of nineteen on the LSI-R, which indicates a moderate risk of recidivism.

The panel stated that Espino "is finally in the beginning stages of understanding his criminal behavior due to the fact that he has developed marketable skills[] that will help him." The panel noted, however, that it was concerned about his parole plan. It found that Espino did not have "a viable parole plan at this time." The panel stated that Espino needs to work on his future placement plan, "which remains a concern."

7

In its decision, the panel cited certain mitigating factors, which it had considered, specifically: (1) Espino's lack of institutional infractions since the last panel decision; (2) his participation in programs specific to behavior; (3) his participation in institutional programs; (4) his favorable institutional adjustment reports; (5) his attempts to enroll and participate in certain programs, to which he was not admitted; (6) his achievement and maintenance of minimum custody status; (7) his positive interview; (8) the restoration of commutation time; and (9) his development of certain marketable skills.

In its final decision, the Board addressed the issues that Espino had raised in his administrative appeal. The Board found that the panel had considered all the relevant information and appropriately documented its reasons for its decision. The Board stated that it concurred with the panel's finding that there was a substantial likelihood Espino would commit another offense if released on parole at this time. The Board accordingly affirmed the panel's decision to deny parole and establish a twenty-seven-month FET.

We are convinced that there is sufficient credible evidence in the record to support the Board's factual findings and the decision to deny parole. The record also supports the Board's decision to establish a twenty-seven-month FET, which is the presumptive FET for murder. N.J.A.C. 10A:71-3.21(a)(1).

8

Espino argues, however, that the Board erred in its consideration of his LSI-R score. He notes that in 2016, when parole was denied, his LSI-R score was fifteen, but in 2017, the LSI-R score had increased to nineteen. In addition, as stated previously, the panel initially cited his LSI-R score both as a mitigating factor and a reason to deny parole.

In its final decision, the Board explained that the LSI-R, the risk assessment evaluation, is one of the twenty-three, non-exhaustive factors that the Board panel may consider when determining whether to grant parole release. The Board noted that the panel had amended its November 6, 2017 decision and deleted its reference to the LSI-R as a mitigating factor. The Board stated that:

> The LSI-R is prepared by professional staff within the [NJDOC] prior to an inmate's parole release hearing and utilizes various risk factors, such as an individual's prior criminal record, educational and employment histories and substance abuse history to produce the final score. In addition, your risk assessment evaluation is a matter of record, was noted on the Case Summary at the time of your initial [p]arole [h]earing, and was considered by the Board panel as part of your Board panel hearing. The Board finds that, since this information was included in your case file considered by the Board panel, its inclusion as a mitigating factor on the initial Notice of Decision was inadvertent and does not warrant disturbing the Board panel's decision in this matter. As a result of the amendment made to the Board panel's November 6, 2017 Notice of Decision, this issue is now moot. Furthermore, the

9

> Board finds that the LSI-R was appropriately utilized by the Board panel in your case . . . .

We are convinced the record supports the Board's determination that the panel properly considered Espino's LSI-R score in its decision. Although the panel initially cited Espino's risk assessment evaluation as both a mitigating factor and a reason to deny parole, the panel later amended its decision and deleted the risk assessment as a mitigating factor.

The LSI-R score of nineteen, which showed a moderate risk of reoffending, remained as one of the reasons the panel cited for denying parole. The Board correctly found that Espino's contention that the panel had erred by considering the LSI-R score as a mitigating factor and a reason for denying parole was moot.

Espino further argues that the record does not support the Board's decision that there is a substantial likelihood he will commit another offense if he is released on parole. He asserts that the Board's finding is arbitrary and capricious in view of the "extreme remoteness" of his offenses and his "overall institutional adjustment record . . . ." We disagree.

The nature and circumstances of the offense for which Espino is incarcerated is one of the non-exclusive factors that is relevant to the parole decision. N.J.A.C. 10A:71-3.11(b)(5)-(6). Therefore, the Board may consider

10

the nature and circumstances of an inmate's offense regardless of when the offense was committed.

Moreover, the record does not support Espino's contention that his "overall institutional adjustment record" weighs in favor of his release on parole. In its decision, the Board stated that

> although it appears that you have made some progress, your criminal behavior is deeply rooted as evidenced by your criminal record and numerous institutional infractions. This contradicts your assertion of sufficient rehabilitation. The Board notes that while acknowledging the serious consequences of your criminal activity is a step towards rehabilitation, it represents only an initial effort at rehabilitation. The Board further finds that your admission of guilt may help you to develop insight into the causes of your criminal behavior, but does not equate to a change in your behavior. Therefore, in assessing your case, the Board concurs with the determination of the Board panel that, based on the aggregate of all relevant factors, there is a substantial likelihood that you will commit another crime if released on parole at this time.

There is sufficient credible evidence in the record to support the Board's findings.

In addition, Espino argues the Board erred by finding that he lacked an "adequate parole plan." Again, we disagree. In its decision, the Board noted that Espino has presented the panel with two addresses of places where he might reside if released. Espino asserts that when the matter was before the panel, his

girlfriend was living with his daughter until she found a better place. On appeal, he asserts that "[t]his matter has been remedied." However, the panel found, based on the record before it, that Espino's parole plan was deficient and would not adequately assist his successful reintegration into the community. The Board agreed. There is sufficient credible evidence in the record to support the Board's finding.

Espino further argues that the Board erred by relying on the "same" information that it relied upon when it denied parole in 2016. As noted, Espino committed the offenses for which he is incarcerated in 1984. The relevant provision of the Parole Act in effect at that time stated that "[a]n inmate shall be released on parole on the new parole eligibility date unless new information . . . indicates by a preponderance of the evidence that there is a substantial likelihood that the inmate will commit a crime . . . if released on parole at such time." N.J.S.A. 30:4-123.56(c) (1984) (emphasis added).

The Parole Act was amended in 1997 to eliminate the need for "new" information as a basis for denying parole. L. 1997, c. 213, § 2 (1997); see also Trantino v. N.J. State Parole Bd., 331 N.J. Super. 577, 609 (App. Div. 2000).[1]

---

[1] The current version of the statute contains the same language regarding the information used in the parole release decision. See N.J.S.A. 30:4-123.56(c) (2018).

Accordingly, under the statute in effect presently, the Board is not "required to base its decision strictly on information developed since the previous denial of parole, but could consider information provided at earlier parole hearings." Ibid. (quoting Assemb. Law and Public Safety Comm. Statement to Assembly No. 21 (1999)).

Here, the Board correctly noted that as a result of the 1997 amendment to the Parole Act, it "is no longer restricted to considering only new information." In its decision, the Board stated, "[a]t each time of parole consideration, the Board may consider the entire record and therefore, if deemed appropriate, may cite some of the same or different reasons for parole denial."

The Board pointed out that while much of the information relevant to its decision on Espino's parole application remained the same, the information pertaining to his institutional adjustment had been changed to reflect recent "institutional developments," such as his "recent program participation" and "infraction free status" since the last panel decision.

Espino also contends the Board "undervalued" his development of marketable skills. Again, we disagree. In its decision, the Board noted that the panel had stated Espino was at the beginning stage of understanding his criminal behavior. The Board noted that he had developed marketable skills "that will

help him." The Board found, however, that while it appeared Espino had made "some progress," his criminal behavior was deeply rooted, as shown by his criminal record and his numerous institutional infractions. The Board found that the record contradicted Espino's assertion that he was sufficiently rehabilitated. Therefore, the Board considered and gave appropriate weight to Espino's development of marketable skills.

Espino also contends that the matter should be remanded to the Board for a full hearing on his parole application. However, the decision to deny parole and establish the twenty-seven-month FET has already been thoroughly reviewed by the full Board and the Board has addressed the issues Espino raised in challenging the panel's decision. Further proceedings before the Board on this parole application are not required.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3372-17T4