**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5754-17T2

WILFREDO CORTES,

 Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

 Respondent.

_____

Submitted October 29, 2019 – Decided November 18, 2019

Before Judges Yannotti and Firko.

On appeal from the New Jersey State Parole Board.

Wilfredo Cortes, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Donna Arons, Assistant Attorney General, of counsel; Suzanne Marie Davies, Deputy Attorney General, on the brief).

PER CURIAM

Wilfredo Cortes appeals from a final determination of the New Jersey State Parole Board, which denied his application for parole and established a twenty-month future eligibility term (FET). We affirm.

On July 16, 2007, Cortes and three other assailants bound eleven temporary residents at a home in Wildwood with duct tape and stole their cellular phones, identification documents, and other valuables. One of the assailants struck two of the victims with a handgun, resulting in physical injuries. Cortes was identified as "Fred Nasty" by one of the victims. He was arrested on July 19, 2007, and a grand jury thereafter charged him with three counts of first-degree robbery, contrary to N.J.S.A. 2C:15-1 (counts one through three); second-degree conspiracy to commit robbery, contrary to N.J.S.A. 2C:5-2 (count four); two counts of second-degree aggravated assault, contrary to N.J.S.A. 2C:12-1B(2) (counts six and seven); and second-degree possession of a firearm for an unlawful purpose, contrary to N.J.S.A. 2C:39-4A (count eight).

Pursuant to a plea agreement, Cortes was sentenced to eight years of incarceration, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, with a five-year period of parole supervision.

After serving the mandatory minimum of his sentence, Cortes was granted parole and released on December 23, 2014. In April 2017, Cortes's parole was

2

revoked because he possessed or owned a firearm, and failed to refrain from using controlled dangerous substances.

Cortes again became eligible for parole on April 11, 2018. On January 22, 2018, a two-member Board panel considered the application and issued a notice of decision denying parole. The panel found that there was a reasonable likelihood that Cortes would violate conditions of parole if he was released. In its decision, the two-member panel noted as mitigating factors that Cortes: (1) participated in programs specific to his behavior; (2) had a positive adjustment to the programs; and (3) achieved minimum custody status.

The panel identified the following aggravating factors as reasons for denying his parole. The offenses for which Cortes is incarcerated are serious in nature. He has an extensive and repetitive prior arrest record. Prior and current opportunities on community supervision probation and parole have failed to deter his criminal behavior. Previously he was incarcerated, but this did not deter his criminal behavior. He has committed offenses while incarcerated. His employment history is limited. In addition, he has insufficient problem resolution, as shown by his lack of insight into his criminal behavior, and his penchant for weapons.

A-5754-17T2

The two-member panel also found that Cortes had an extensive criminal record for offenses that are assaultive in nature and for prior juvenile adjudications dating back to 1995. While incarcerated, the panel noted Cortes committed institutional infractions, two being serious in nature.

On March 29, 2018, Cortes appealed the panel's decision to the full Board. The two-member panel amended its determination on June 20, 2018 to add Cortes was "infraction free," that he "participat[ed] in institutional program(s)" as mitigating factors, and revised "serious nature of offense" to "facts and circumstances of offense" as a reason for denial. On July 25, 2018, after considering the entire administrative record, the full Board issued a final decision denying parole and establishing a twenty-month FET. This appeal followed.

On appeal, Cortes argues that the Board erred by denying his application for parole. He contends the Board's decision to deny him parole should be vacated because there was insufficient credible evidence in the record to support its determination and the FET established is harsh.

Appellate review of a decision of the Parole Board is "limited." Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004). We will not reverse the Board's decision "unless found to be arbitrary . . . or an abuse of

discretion." Pazden v. N.J. State Parole Bd., 374 N.J. Super. 356, 366 (App. Div. 2005) (alteration in original) (quoting Trantino v. N.J. State Parole Bd., 154 N.J. 19, 25 (1998) (Trantino IV)). The Board has "broad but not unlimited discretionary powers" when it considers an inmate's record and renders a decision on a parole application. Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001) (Trantino VI) (quoting Monks v. N.J. State Parole Bd., 58 N.J. 238, 242 (1971)).

In reviewing a final decision of the Board, we consider: (1) whether the Board's action is consistent with the applicable law; (2) whether there is substantial credible evidence in the record as a whole to supports its findings; and (3) whether in applying the law to the facts, the Board erroneously reached a conclusion that could not have been reasonably reached based on the relevant facts. Id. at 172 (quoting Trantino IV, 154 N.J. at 24).

Applying this standard, we see no basis to disturb the Board's decision. The Board's determination to deny parole was not arbitrary and capricious. Instead, the Board assessed all relevant factors, see N.J.A.C. 10A:71-3.11, and arrived at a decision that is supported by ample evidence, including, but not limited to, Cortes exhibiting insufficient problem resolution, committing

5

institutional infractions, and having a prior opportunity on community supervision failed to deter criminal behavior.

We are satisfied that the imposition of a twenty-month FET was not harsh and was supported by substantial credible evidence in the record. When denying parole, the Board must establish a date for future parole eligibility under N.J.A.C. 10A:71-3.21. The Code requires that an inmate "serving a sentence for . . . robbery . . . shall serve [twenty-three] additional months." N.J.A.C. 10A:71-3.21(a)(2). That mandate "may be increased or decreased by up to nine months when, in the opinion of the Board panel, the severity of the crime for which the inmate was denied parole and the prior criminal record or other characteristics of the inmate warrant such adjustment." N.J.A.C. 10A:71-3.21(c).

Here, the Board provided a sufficient explanation to determine the presumptive twenty-three month term could be decreased to a twenty-month term, which is favorable to Cortes. Finally, we are satisfied that the minimal constitutional requirements of due process were fulfilled in this case. See Morrissey v. Brewer, 408 U.S. 471, 485-89 (1972).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5754-17T2