**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2813-15T2

EDWIN RIVERA a/k/a[1]
ERIC VARGAS, ISMAEL
IRIZZARY and HECTOR
RIVERA,

    Appellant,

v.

NEW JERSEY STATE PAROLE BOARD,

    Respondent.

—————————————————————————

Submitted May 24, 2017 — Decided July 13, 2017

Before Judges Gooden Brown and Farrington.

On appeal from the New Jersey State Parole Board.

Edwin Rivera, appellant pro se.

Christopher S. Porrino, Attorney General, attorney for respondent (Lisa A. Puglisi, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

———————————

[1] Referenced in the record also as Eric Vargas, Ismael Irizzary and Hector Rivera.

Appellant Edwin Rivera appeals from the January 27, 2016 final agency decision of the New Jersey State Parole Board (Board) denying him parole and imposing a 120-month future eligibility term (FET). We affirm.

On September 15, 1983, a jury convicted appellant of murder and possession of a weapon for an unlawful purpose in the stabbing death of a rival. On November 18, 1983, appellant was sentenced to life imprisonment with a thirty-year period of parole ineligibility.

Appellant was also convicted and sentenced on May 13, 1983, to an aggregate four-year term with fifteen months of parole ineligibility for aggravated assault and receiving stolen property; on December 1, 1983, to an aggregate four-year term for possession of a prohibited weapon and receiving stolen property; on May 16, 1986, to eighteen months for possession of a controlled dangerous substance with intent to distribute; and on January 29, 1987, to an aggregate term of fifteen years with five years of parole ineligibility for two counts of armed robbery, two counts of aggravated assault and possession of a weapon for an unlawful purpose. These sentences were to be served concurrently with each other and with the life sentence.

Appellant became eligible for parole on February 28, 2015. However, a two-member panel of the Board denied him parole on

February 9, 2015, and referred his case to a three-member panel (panel) to establish a FET outside of the administrative guidelines. The panel determined a 120-month FET was appropriate.

In a comprehensive decision, the panel noted the following aggravating factors: (1) appellant has an extensive and repetitive prior criminal record; (2) the nature of appellant's criminal record was increasingly more serious and he was presently incarcerated for a multi-crime conviction; (3) previous incarcerations and prior opportunities on parole failed to deter his criminal conduct and resulted in two parole revocations with the commission of new criminal offenses; (4) his disciplinary record during his current incarceration consisted of twenty-two disciplinary infractions, some of which were drug related and several of which were asterisk[2] offenses resulting in loss of commutation credits, placements in administrative segregation and detention, permanent loss of contact visits and an extension of parole eligibility totaling fifteen months; (5) insufficient problem resolution, specifically, appellant's lack of insight into his criminal behavior, minimization of his commitment offenses and maladaptive behavior while incarcerated by deflecting some responsibility onto other persons and life experiences, and his

_____

[2] Asterisk offenses "are considered the most serious and result in the most severe sanctions[.]" N.J.A.C. 10A:4-4.1(a).

failure to sufficiently address his substance abuse problem which purportedly fueled his criminal behavior; and (6) his risk assessment evaluation score of eighteen, indicating a moderate risk of recidivism.

As mitigation, the panel considered appellant's participation in institutional programs, including programs specific to behavior; attempts made to enroll in programs despite being denied admission; average to above average institutional reports; a favorable institutional adjustment based on appellant's last disciplinary infraction occurring in 1999; and the achievement and maintenance of minimum custody status. In addition, the panel considered information classified as confidential pursuant to N.J.A.C. 10A:71-2.2(c).[3]

After considering the applicable factors in N.J.A.C. 10A:71-3.11(b),[4] the panel determined that appellant remained a

---

[3] N.J.A.C. 10A:71-2.2(c) provides that "inmates or parolees shall be afforded disclosure of adverse material or information considered at a hearing, provided such material is not classified as confidential by the Board[.]"

[4] N.J.A.C. 10A:71-3.11(b) enumerates factors to be considered in making parole decisions. In addition to the enumerated factors, the Board Panel "may consider any other factors deemed relevant[,]" N.J.A.C. 10A:71-3.11(b), and parole decisions "shall be based on the aggregate of all pertinent factors, including material supplied by the inmate and reports and material which may be submitted by any persons or agencies which have knowledge of the inmate." N.J.A.C. 10A:71-3.11(a).

substantial threat to public safety, essentially for the reasons enumerated above, warranting the setting of a FET which differed from the presumptive term. The panel further found that, pursuant to N.J.A.C. 10A:71-3.21(d),[5] a 120-month FET was appropriate given appellant's lack of rehabilitative progress in reducing the likelihood he would engage in future criminal activity if released. The panel acknowledged that the 120-month FET would be reduced by any commutation, work, or minimum custody credits earned by appellant while incarcerated. Based upon appellant's accumulation of credits as of May 31, 2015, his projected parole eligibility date was April 22, 2022.

Appellant appealed the panel decision to the Board. On January 27, 2016, the Board upheld the recommendation to deny parole and to impose a 120-month FET. This appeal ensued. Appellant presents the following arguments for our consideration:

> POINT ONE
>
> THE PAROLE BOARD FAILED TO DOCUMENT THAT A PREPONDERANCE OF THE EVIDENCE INDICATES A SUBSTANTITAL LIKELIHOOD THAT APPELLANT WILL COMMIT A CRIME IF RELEASED ON PAROLE.

---

[5] N.J.A.C. 10A:71-3.21(d) authorizes a three-member panel to "establish a future parole eligibility date which differs from [the presumptive terms] if the future parole eligibility date which would be established pursuant to such [terms] is clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior."

POINT TWO

THE PAROLE BOARD FAILED TO PROVIDE ADEQUATE
REASONS FOR AN FET OUTSIDE THE GUIDELINES.

We have considered these contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(D). We affirm substantially for the reasons expressed in the Parole Board's comprehensive written decision. We add only the following brief comments.

We must accord considerable deference to the Board and its expertise in parole matters. Therefore, our review of a Parole Board's decision is limited. <u>Hare v. N.J. State Parole Bd.</u>, 368 <u>N.J. Super.</u> 175, 179 (App. Div.), <u>certif. denied</u>, 180 <u>N.J.</u> 452 (2004). "Parole Board decisions are highly individualized discretionary appraisals, and should only be reversed if found to be arbitrary or capricious." <u>Id.</u> at 179-80 (citations omitted).

We "must determine whether the factual finding could reasonably have been reached on sufficient credible evidence in the whole record." <u>Id.</u> at 179. In making this determination, we "may not substitute [our] judgment for that of the agency, and an agency's exercise of its statutorily-delegated responsibilities is accorded a strong presumption of reasonableness." <u>McGowan v. N.J. State Parole Bd.</u>, 347 <u>N.J. Super.</u> 544, 563 (App. Div. 2002)

(citation omitted). Accordingly, "[t]he burden of showing that an action was arbitrary, unreasonable or capricious rests upon the appellant." Ibid.

An inmate serving a minimum term in excess of fourteen years is ordinarily assigned a twenty-seven-month FET after a denial of parole. See N.J.A.C. 10A:71-3.21(a)(1). However, in cases where an ordinary FET is "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior[,]" the Board may impose a greater FET. N.J.A.C. 10A:71-3.21(d).

Here, we discern no basis to disturb the Board's decision. The Board considered the relevant factors in N.J.A.C. 10A:71-3.11. Its decision is supported by sufficient credible evidence in the record and is entitled to our deference. We are satisfied that the denial of parole and the imposition of a 120-month FET was neither arbitrary, capricious nor unreasonable. See McGowan, supra, 347 N.J. Super. at 565 (affirming the imposition of a thirty-year FET based on appellant's high likelihood of recidivism).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2813-15T2