**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4359-16T2

THOMAS AFFINITO,

     Petitioner-Appellant,

v.

NEW JERSEY STATE PAROLE
BOARD,

     Respondent-Respondent.

_____

Submitted October 9, 2018 – Decided October 24, 2018

Before Judges Fasciale and Gooden Brown.

On appeal from the New Jersey State Parole Board.

Thomas Affinito, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Gregory R. Bueno, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Thomas Affinito appeals from the March 29, 2017 final agency decision of the New Jersey State Parole Board (Board) denying him parole and imposing a 144-month future eligibility term (FET). We affirm.

Affinito is serving a life sentence with a thirty-year mandatory minimum term for a 1985 murder in which he strangled the victim to death after a fight, and transported the body in the trunk of a car to a deserted roadway where the body was later discovered. Affinito committed the murder while under parole supervision for armed robbery and burglary convictions for which he had been released the year prior after serving two years of the maximum sentence.

Affinito became eligible for parole on April 22, 2016, at age fifty-three. However, a two-member Board panel denied him parole on May 4, 2016, and referred his case to a three-member Board panel to establish a FET outside of the administrative guidelines. On August 3, 2016, the three-member panel imposed a 144-month FET and later issued a written decision relying on the same aggravating and mitigating factors cited by the two-member panel.

After Affinito appealed to the full Board, on March 29, 2017, the Board issued a written decision, concurring with the determinations of both panels. The Board concluded that after considering the applicable factors in N.J.A.C. 10A:71-3.11(b), "a preponderance of evidence indicate[d] that there [was] a

2

substantial likelihood that [Affinito] would commit a crime if released on parole at this time." The Board further concluded that pursuant to N.J.A.C. 10A:71-3.21(d), imposition of a 144-month FET was appropriate "due to [Affinito's] lack of satisfactory progress in reducing the likelihood of future criminal behavior."

In its decision, the Board concurred with the two-member panel's reliance on the following aggravating factors: (1) the serious nature of the offense; (2) Affinito's extensive and repetitive prior offense record; (3) the increasing severity of Affinito's offense record; (4) the fact that prior incarcerations and a prior opportunity on parole failed to deter Affinito's criminal conduct and resulted in a parole violation with the commission of the murder; (5) the fact that a prior opportunity on probation failed to deter Affinito's criminal conduct and resulted in technical violations; (6) Affinito's institutional record during his current incarceration consisting of numerous, persistent, and serious disciplinary infractions, some of which resulted in loss of commutation credits and placements in administrative segregation and detention; (7) the lack of an adequate parole plan to assist in successful reintegration into the community; (8) Affinito's mental health history; (9) Affinito's insufficient problem resolution, specifically, his lack of insight into his criminal behavior and his

failure to sufficiently address his childhood trauma, anger, and substance abuse problem, which purportedly fueled his criminal behavior;[1] and (9) Affinito's risk assessment evaluation score of thirty-two, indicating a high risk of recidivism.

In mitigation, the Board concurred with the panels' consideration of the following factors: (1) Affinito's participation in institutional programs, including programs specific to behavior; (2) attempts made to enroll in programs despite being denied admission; (3) institutional reports reflecting favorable institutional adjustment; (4) achievement and maintenance of minimum custody status; and (5) restoration of commutation time.

The Board rejected Affinito's contentions that the "mitigating factors were 'merely' noted and not actually considered in the decision[,]" and that the panel failed to properly consider his transformation from an immature young man over the course of his incarceration. Acknowledging that Affinito's involvement in treatment and participation in programs was "a matter or record," the Board pointed out that "program participation [was] one factor of many considered by the Board panel and [was] not the only indicator of rehabilitation." Further, the Board found that Affinito's "program participation [did] not negate the fact that

---

[1] In this regard, the Board noted that although the panel relied on information classified as confidential pursuant to N.J.A.C. 10A:71-2.2(c), the nature of the confidential information was identified for the record.

[he] still lack[ed] insight into [his] criminal behavior and [did not] minimize [his] conduct."

Additionally, the Board determined that Affinito's program participation has not "sufficiently addressed [his] substance abuse." The Board found:

> [Affinito] [has] a serious and extensive substance abuse problem . . . that extends over twenty years and that some of [his] institutional infractions were substance abuse related. The Board note[d] that while acknowledging the serious consequences of [his] criminal activity and substance abuse is a step towards rehabilitation, it represents only an initial effort at rehabilitation. The Board further [found] that [his] admission of guilt may help [him] to develop insight into the causes of [his] criminal behavior, but does not equate to a change in [his] behavior.

Likewise, the Board rejected Affinito's assertion that "material facts" were not considered and inappropriate facts, such as his dated "institutional record[,] should not have been included in the decision." On the contrary, according to the Board, "pursuant to [N.J.A.C.] 10A:71-3.11(b)(2), (4) and (7)," consideration of Affinito's "commission of serious disciplinary infractions, [his] adjustment to incarceration[,] and [his] pattern of less serious disciplinary infractions, respectively, to determine [his] suitability for parole," was appropriate. The Board explained:

> In your case, the Board finds that the Board panel appropriately considered your institutional disciplinary

record. The Institutional Progress Notes indicate that you have committed a total of fifteen (15) institutional infractions; five (5) asterisk charge[s] and ten (10) non-asterisk charges,[2] with your most recent infraction being committed in [2006].[3] Therefore, your contention that the Board panel failed to consider that you have not committed an infraction since [2006] is without merit.

The Board also rejected Affinito's contention that denying him parole effectively punished him further after he had already "served the punitive aspect of [his] sentence." The Board pointed out that "parole in New Jersey is presumptive and consideration of the punitive aspects of a sentence is not a component in the parole release decision-making process." Rather, "upon an inmate's eligibility for parole consideration," it is the Board's "responsibility . . . to determine whether the inmate is suitable for parole [release] at that time" under "the applicable standard pursuant to [N.J.S.A.] 30:4-123.53." To that end, the Board noted that the "panel is required to consider and base its decision on the aggregate of factors, including [his] adjustment on community supervision, as well as [his] past and present offenses."

---

[2] Asterisk offenses "are considered the most serious and result in the most severe sanctions." N.J.A.C. 10A:4-4.1(a).

[3] Here, the Board mistakenly stated that Affinito's last disciplinary infraction was committed in 1996 but referred to the correct date in other parts of the decision.

6

Of concern to the Board panel was [his] history of poly-substance use and abuse (marijuana, cocaine, heroin, alcohol) of over twenty (20) years duration, [his] record of five (5) prior juvenile adjudications and four (4) prior adult convictions, [his] numerous institutional infractions[,] and the fact that [he] committed the present offense while on parole.

The Board determined that the panel "did not solely base its decision to deny parole on the negative aspects in the record," but "rather . . . based its decision on the entire record governed by the factors set forth in the statutory requirements and [N.J.A.C.] 10A:71-3.11." Based on its review, the Board concurred with the "panel that parole release [was] not appropriate at this time." This appeal followed.

On appeal, Affinito presents the following arguments for our consideration:

POINT I
THE REASONS FOR DENIAL WERE INSUFFICIENT TO REJECT PAROLE RELEASE.

POINT II
THE BOARD MEMBERS FAILED TO CONSIDER MATERIAL FACTS.

POINT III
THE FET WAS EXCESSIVE.

POINT IV
THERE IS AN EXPECTATION OF RELEASE.

POINT V
THE BOARD DID NOT CONSIDER [AFFINITO]'S
AGE AS MITIGATING.

POINT VI
THE PUNITIVE ASPECT OF THE SENTENCE HAS
BEEN SERVED.

We have considered these contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed in the Board's comprehensive written decision. R. 2:11-3(e)(1)(D). We add only the following brief comments.

We accord considerable deference to the Board and its expertise in parole matters. Thus, our review of a Parole Board's decision is limited. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004). "Parole Board decisions are highly individualized discretionary appraisals, and should only be reversed if found to be arbitrary or capricious." Id. at 179-80 (citations and internal quotation marks omitted). In our limited review, we "must determine whether the factual finding could reasonably have been reached on sufficient credible evidence in the whole record." Id. at 179. In making this determination, we "may not substitute [our] judgment for that of the agency, and an agency's exercise of its statutorily-delegated responsibilities is accorded a strong

A-4359-16T2

presumption of reasonableness." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002) (citation omitted). Accordingly, "[t]he burden of showing that an action was arbitrary, unreasonable[,] or capricious rests upon the appellant." Ibid.

N.J.A.C. 10A:71-3.11(b) enumerates factors to be considered by the Board and Board panel in making parole decisions, including the "[c]ommission of serious disciplinary infractions"; "[n]ature and pattern of previous convictions"; "[a]djustment to previous probation, parole[,] and incarceration"; "[f]acts and circumstances of the offense"; "[a]ggravating and mitigating factors surrounding the offense"; "[p]attern of less serious disciplinary infractions"; "[p]articipation in institutional programs which could have led to the improvement of problems diagnosed at admission or during incarceration"; "[d]ocumented changes in attitude toward self or others"; "[m]ental and emotional health"; "[p]arole plans and the investigation thereof"; "[s]tatements by the inmate reflecting on the likelihood that he or she will commit another crime[,] the failure to cooperate in his or her own rehabilitation[,] or the reasonable expectation that he or she will violate conditions of parole"; "[s]tatement or testimony of any victim or the nearest relative(s) of a

murder/manslaughter victim"; and "results of the objective risk assessment instrument."

In addition to the enumerated factors, the Board and Board panel "may consider any other factors deemed relevant[,]" N.J.A.C. 10A:71-3.11(b), and parole decisions "shall be based on the aggregate of all pertinent factors, including material supplied by the inmate and reports and material which may be submitted by any persons or agencies which have knowledge of the inmate." N.J.A.C. 10A:71-3.11(a). An inmate serving a sentence for murder is ordinarily assigned a twenty-seven-month FET after a denial of parole. See N.J.A.C. 10A:71-3.21(a)(1). However, in cases where an ordinary FET is "clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior," the Board and Board panel may establish a greater FET after considering "the factors enumerated in N.J.A.C. 10A:71-3.11." N.J.A.C. 10A:71-3.21(d).

Here, we discern no basis to disturb the Board's decision. The Board considered the relevant factors in N.J.A.C. 10A:71-3.11. Its decision is supported by sufficient credible evidence in the record and is entitled to our deference. We are satisfied that the denial of parole and the imposition of a 144-month FET was neither arbitrary, capricious, nor unreasonable. See McGowan,

347 N.J. Super. at 565 (affirming the imposition of a thirty-year FET based on appellant's high likelihood of recidivism).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4359-16T2