**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3369-17T1

HECTOR FERNANDEZ,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted December 18, 2018 – Decided January 16, 2019

Before Judges Hoffman and Firko.

On appeal from the New Jersey State Parole Board.

Hector Fernandez, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Hector Fernandez appeals from a February 28, 2018 final agency decision of the Parole Board (the Board) denying him parole and imposing a twenty-four month future eligibility term (FET). He is serving a term of life imprisonment for murder, unlawful possession of a weapon, robbery, armed burglary, and theft. This was his sixth application for parole. We affirm.

I.

On September 8, 1980, appellant, his brother, and another male robbed a liquor store and killed the victim by shooting him three times in the head. Between September 3 and 10, 1980, appellant committed three other robberies and a burglary. A stolen pistol was identified as the murder weapon and was traced to appellant. He was arrested and charged with murder, two counts of unlawful possession of a weapon, two counts of aggravated assault, burglary, and theft. In April 1981, he pled guilty to murder, unlawful possession of a weapon, four counts of robbery, armed burglary, and theft. He was sentenced to an aggregate term of life imprisonment with a mandatory-minimum sentence of twenty years.

In October 2017, a two-member Board panel denied parole and established a twenty-four month FET. Appellant administratively appealed that

A-3369-17T1

decision and, on February 28, 2018, the full Board affirmed both the denial of parole and the twenty-four month FET.

In his appeal to us, appellant contends:

POINT I

THE NEW JERSEY STATE PAROLE BOARD'S DENIAL OF PAROLE WAS ARBITRARY AND CAPRICIOUS, WHERE THE REASONS STATED FOR DENIAL WERE INADEQUATE AND THE DENIAL WAS NOT SUPPORTED BY CREDIBLE EVIDENCE CONTAINED IN THE RECORD.

POINT II

THE BOARD PANEL FAILED TO DOCUMENT THAT A PREPONDERANCE OF EVIDENCE INDICATES THERE IS A SUBSTANTIAL LIKELIHOOD THAT THE INMATE WILL VIOLATE CONDITIONS OF PAROLE, AS ESTABLISHED BY N.J.A.C. 10A:71-4.1(2).

POINT III

THE BOARD PANEL DENIED APPELLANT HIS RIGHT TO PROCEDURAL DUE PROCESS DUE TO THE BOARD PANEL'S VIOLATION OF WRITTEN BOARD POLICY (Not Raised Below).

POINT IV

THE PAROLE BOARD UTILIZED SUBJECTIVE PSYCHOLOGICAL TERMS SUCH AS LACK OF INSIGHT, REMORSE, AND MINIMIZES CONDUCT AS THE BASIS TO DENY PAROLE RENDERING

3

THE DECISION UNCONSTITUTIOINAL ON VAGUENESS GROUNDS.

POINT V

THE REPEATED USE OF THE SAME CRITERION TO DENY PAROLE VIOLATES THE CONSTITUTIONAL PRECEPTS OF DOUBLE JEOPARDY (Not Raised Below).

In his letter reply brief, appellant further contends:

POINT I

THE BOARD PANEL FAILED TO ESTABLISH A NEXUS BETWEEN THE REASONS FOR DENIAL AND THE CONCLUSION THAT THERE EXISTED A SUBSTANTIAL LIKELIHOOD THAT APPELLANT WOULD COMMIT A NEW CRIME IF RELEASED.

POINT II

THE BOARD PANEL DENIED HECTOR FERNANDEZ HIS RIGHT TO PROCEDURAL DUE PROCESS BY FAILING TO PROVIDE A BOARD REPRESENTATIVE TO AID HERNANDEZ THROUGHOUT HIS HEARINGS.

II.

We accord considerable deference to the Board and its expertise in parole matters.  Our standard of review is whether the Board's decision was arbitrary and capricious.  Acoli v. N.J. State Parole Bd., 224 N.J. 213, 222-23 (2016).  Parole Board decisions are "highly 'individualized discretionary appraisals.'"

4

Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)). We will not disturb the Board's fact-findings if they "could reasonably have been reached on sufficient credible evidence in the whole record." Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004). "A reviewing court 'may not substitute its own judgment for the agency's, even though the court might have reached a different result.'" In re Stallworth, 208 N.J. 182, 194 (2011) (quoting In re Carter, 191 N.J. 474, 483 (2007)). "This is particularly true when the issue under review is directed to the agency's special 'expertise and superior knowledge of a particular field.'" Id. at 195 (quoting In re Herrmann, 192 N.J. 19, 28 (2007)).

A Board decision to grant or deny parole for crimes committed before August 1997 turns on whether there is a "substantial likelihood" the inmate will commit another crime if released. N.J.S.A. 30:4-123.53(a) (1979); N.J.S.A. 30:4-123.56(c) (1979); Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7 (App. Div. 2000); N.J.A.C. 10A:71-3.10(a). The Board must consider the enumerated factors in N.J.A.C. 10A:71-3.11(b)(1) to (23) in making its decision. The Board, however, is not required to consider each and every factor; rather, it should consider those applicable to each case. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 561 (App. Div. 2002).

A-3369-17T1

Having reviewed the record in light of these well-established standards, we affirm the Board's denial of parole. Appellant's parole eligibility was evaluated by the full Board in a written decision. The Board adopted the determinations made by the two-member panel, which identified a number of reasons for its decision, including: the facts and circumstances of the offenses; appellant's prior criminal record; that he was serving time for multiple criminal convictions; a prior opportunity on parole was revoked because of the commission of new offenses; and prior opportunities on probation and parole failed to deter criminal behavior and have been violated, terminated and revoked. Saliently, the Board noted that appellant has "insufficient problem resolution," that he "lack[s] insight" concerning his criminal behavior, and continues to "minimize" his criminal conduct. The Board panel noted that appellant "still does not know why he committed the criminal offense of [m]urder and doesn't understand the reason for his criminal behavior." Further, during his incarceration, he committed forty-nine institutional disciplinary infractions, fifteen being described as "serious."

All of these findings are relevant factors under N.J.A.C. 10A:71-3.11(b). There is sufficient credible evidence in the record supporting these findings, and we discern nothing arbitrary or capricious in the Board's decision to deny parole.

A-3369-17T1

We are unpersuaded by appellant's argument that the Board used subjective psychological terms, rendering its decision unconstitutional. A review of the full Board's determination makes clear that the Board appropriately considered the confidential psychological report. Indeed, the Board duly found that appellant produced "no evidence to support this claim and none exists in the record." We agree.

There is also sufficient evidence to support the Board's conclusion that "a preponderance of the evidence indicates that there is a substantial likelihood that [appellant] would commit a crime if released on parole at this time." Lastly, we are satisfied that the Board appropriately considered mitigating factors.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

7                                                         A-3369-17T1