# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0121-17T1

A.O.,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

_____

          Submitted December 5, 2018 – Decided January 30, 2019

          Before Judges Ostrer and Mayer.

          On appeal from the New Jersey State Parole Board.

          A.O., appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Gregory R. Bueno, Deputy Attorney General, on the brief).

PER CURIAM

Appellant A.O. appeals from the August 23, 2017, final agency decision of the New Jersey State Parole Board (Board) denying him parole and imposing an eighty-four-month future eligibility term (FET). We affirm the denial of parole and the Board's rejection of the presumptive FET of twenty-seven months, but we remand for reconsideration and a statement of reasons for imposing the eighty-four-month FET.

In 2007, a jury found A.O. guilty of two counts each of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a); second-degree sexual assault, N.J.S.A. 2C:14-2(b); and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), arising out of the assault of his nieces, A.L. and B.L. In 2004, A.L. disclosed that A.O. began sexually assaulting her when she was three years old, and the latest incident occurred shortly before the disclosure, when she was seven. B.L. reported that A.O. had molested her multiple times between ages eight and eleven. Both girls alleged that A.O. performed oral sex on them and engaged in other forms of sexual contact. In a recorded interview with the police, A.O. allegedly confessed to sexually assaulting the girls numerous times over several years.[1] After his conviction, the court sentenced A.O. to an

_____

[1] The statement is not included in the record, so we are unable to confirm its contents.

aggregate thirty-year prison term with a ten-year parole bar, and parole supervision for life. Defendant was then fifty-five years old.

A.O. became eligible for parole on November 13, 2016. A two-member panel of the Board denied A.O. parole and referred him to a three-member panel to set an FET longer than the default term of twenty-seven months. See N.J.A.C. 10A:71-3.21(a), (d). In support of its decision to deny parole, the panel cited the "circumstances" and "nature of [the] offense(s)," and his "insufficient problem resolution." The panel noted that A.O.

> denies sexually abusing victims. Only after being pressed for 50 minutes at the end admitted molesting his victims – doesn't understand his own actions or how those actions impacted the victims and their family. Refers to crime as opportunistic and blames victims. – The objective of the crime was to "gain control." Has not addressed issues as to his conduct and criminal thinking – 10 years incarceration – no closer to understanding his criminal motivation.

The panel also noted as mitigating factors A.O.'s infraction-free stint in prison; participation in institutional programs and programs "specific to" his behavior; lack of prior criminal record; and "favorable institutional adjustment." The panel also noted A.O. had a risk assessment score of 5. Although this represents a comparatively "low risk of recidivism," the pre-parole evaluation

A-0121-17T1

noted that inmates scoring 5 posed a twenty percent chance of re-arrest and a 13.3 percent chance of reconviction within two years of release.

The three-member panel reviewed A.O.'s case in December 2016. See N.J.A.C. 10A:71-3.21(d)(1)-(2). The panel imposed an FET of eighty-four months. As a result, his next parole eligibility date would be November 13, 2023. He would then be seventy-two years old.

In justifying an FET longer than the presumed twenty-seven-month period, the three-member panel cited the same general grounds for denying parole: the circumstances of the offenses, and A.O.'s "insufficient problem resolution." As for the latter, the panel reviewed in detail A.O.'s responses at his hearing. In sum, A.O. denied that he performed cunnilingus on his nieces. He maintained that he might have accidentally touched their genitalia while roughhousing or in assisting them to go to the bathroom. However, the panel reported that A.O. admitted that his actions were "immoral," and that he said he would go to counseling and "do what you need me to do" and admitted he "had a problem."

As for its reasons to impose an eighty-four-month FET, the panel acknowledged that it was authorized to deviate from the presumptive schedule if it is "clearly inappropriate due to the inmate's lack of satisfactory progress in

reducing the likelihood of future criminal behavior." N.J.A.C. 10A:71-3.21(d). In reaching that conclusion, the panel relied on the same factors supporting the denial of parole. The panel concluded "that an 84 month future eligibility term . . . is necessary in order to address the issues detailed." These included his failure to understand "the motivations or triggers to [his] sexually based offenses," which was particularly "troubling" inasmuch as he had attended several programs designed to provide such insight. The panel also cited his continued denial of guilt.

A.O. appealed the decision to the entire Board. He again denied to the Board that he had sexually assaulted either girl. A.O. challenged a three-year-old's ability to distinguish between sexual and non-sexual touching; questioned the veracity of the pre-sentence investigation report (PSI) recounting the girls' version of events; and asserted that much of his original confession was "sarcastic" due to his incredulity that the police would misinterpret his "innocent" conduct.

While A.O. agreed that he used poor judgment in touching his nieces, he denied touching them in the context of "performing a sexual act." He only expressed remorse for wrestling with them roughly, a result of which his hand "may have been in what the police call an inappropriate place." Besides denying

culpability of sexual assault and attempting to explain his earlier incriminating statements, A.O. also argued the Board could not demonstrate a "substantial likelihood" that he would commit a crime or violate a condition of parole.

The Board affirmed the denial of parole and the eighty-four-month FET, noting that: (1) the panel properly assumed the reliability both of A.O.'s PSI and the Judgment of Conviction; (2) A.O.'s statements to the panels reflected a lack of insight into his crime and a tendency to minimize and even deny his sexual conduct; and (3) A.O.'s inability to recognize the consequences of his actions obstructed his path towards rehabilitation. Regarding the decision to deny parole, the Board noted that likelihood to commit a crime if released was not the standard; rather, it was whether "a reasonable expectation exist[ed] that [he would] violate conditions of parole if released on parole." Specifically regarding the FET, the Board affirmed the panel's finding that the presumptive term was "clearly inappropriate due to [his] lack of progress in reducing the likelihood of future criminal behavior." The Board stated:

> The Board concurs with the three-member Board panel that during your ten (10) years of incarceration, you present as not understanding the motivations or triggers to your sexually based offenses and that you deny key aspects of your sexually based offenses. Furthermore, the Board concurs with the three-member Board panel's decision to establish an eighty-four (84) month future eligibility term . . . .

6

This appeal followed. A.O. contends, in his sole point on appeal, "THE REASONS FOR DENIAL WERE INSUFFICENT TO REJECT PAROLE RELEASE."

We have considered this contention in light of the record and applicable legal principles and conclude that A.O.'s challenge to the parole denial lacks sufficient merit to warrant discussion in a written opinion. R. 2:11–3(e)(1)(E). We affirm substantially for the reasons expressed in the Board's written decision. However, we are not satisfied that the Board has adequately justified its decision to impose an eighty-four-month FET.

We owe considerable deference to the Board's decisions, which we recognize are "highly individualized discretionary appraisals," in view of its expertise in parole matters. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004) (quoting Trantino v. N.J. State Parole Bd., 166 N.J. 113, 173 (2001)). Our review is limited to whether the decision was "arbitrary or capricious," and A.O. bears the burden of this showing. Id. at 180; McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). Therefore, we need only "determine whether the factual finding could reasonably have been reached on sufficient credible evidence in the whole record." Hare, 368 N.J.

Super. at 179.  In making this determination, we "may not substitute [our] judgment for that of the agency."  McGowan, 347 N.J. Super. at 563.

An inmate serving a minimum term over fourteen years is ordinarily assigned a twenty-seven-month FET after a denial of parole.  N.J.A.C. 10A:71-3.21(a)(1).  A Board panel may increase that period by nine months where "the severity of the crime for which the inmate was denied parole and the prior criminal record or other characteristics of the inmate warrant such adjustment."  N.J.A.C. 10A:71-3.21(c).  However, in cases where an ordinary FET "is clearly inappropriate due to the inmate's lack of satisfactory progress in reducing the likelihood of future criminal behavior[,]" the Board may impose a greater FET.  N.J.A.C. 10A:71–3.21(d).  If it finds unsatisfactory progress, the panel refers the case to a third member to review the hearing record.  The three-member panel shall then establish a FET that differs from the presumptive FET.  N.J.A.C. 10A:71-3.21(d).[2]  In doing so, the panel considers "the factors enumerated in N.J.A.C. 10A:71-3.11," which are the same factors considered in determining

_____

[2] If the three members are not unanimous, then the issue is referred to the Board for decision.  N.J.A.C. 10A:71-3.21(d)(5).

A-0121-17T1

whether to grant parole.[3] However, a panel need only consider those factors it finds apply in a given case. McGowan, 347 N.J. Super. at 561. The panel should focus principally "on the likelihood of recidivism." Id. at 565.

---

[3] The non-exclusive list of twenty-three factors, set forth in N.J.A.C. 10A:71-3.11(b), consists of the following:

> 1. Commission of an offense while incarcerated.
> 2. Commission of serious disciplinary infractions.
> 3. Nature and pattern of previous convictions.
> 4. Adjustment to previous probation, parole and incarceration.
> 5. Facts and circumstances of the offense.
> 6. Aggravating and mitigating factors surrounding the offense.
> 7. Pattern of less serious disciplinary infractions.
> 8. Participation in institutional programs which could have led to the improvement of problems diagnosed at admission or during incarceration. This includes, but is not limited to, participation in substance abuse programs, academic or vocational education programs, work assignments that provide on-the-job training and individual or group counseling.
> 9. Statements by institutional staff, with supporting documentation, that the inmate is likely to commit a crime if released; that the inmate has failed to cooperate in his or her own rehabilitation; or that there is a reasonable expectation that the inmate will violate conditions of parole.
> 10. Documented pattern or relationships with institutional staff or inmates.
> 11. Documented changes in attitude toward self or others.

A-0121-17T1

In denying parole, the panel and the Board highlighted that the likelihood of reoffending was no longer the standard. Instead, the panel denied parole because it found a "reasonable expectation" that A.O. would "violate conditions of parole if released on parole." We discern no basis to disturb the Board's

12. Documentation reflecting personal goals, personal strengths or motivation for law-abiding behavior.

13. Mental and emotional health.

14. Parole plans and the investigation thereof.

15. Status of family or marital relationships at the time of eligibility.

16. Availability of community resources or support services for inmates who have a demonstrated need for same.

17. Statements by the inmate reflecting on the likelihood that he or she will commit another crime; the failure to cooperate in his or her own rehabilitation; or the reasonable expectation that he or she will violate conditions of parole.

18. History of employment, education and military service.

19. Family and marital history.

20. Statement by the court reflecting the reasons for the sentence imposed.

21. Statements or evidence presented by the appropriate prosecutor's office, the Office of the Attorney General, or any other criminal justice agency.

22. Statement or testimony of any victim or the nearest relative(s) of a murder/manslaughter victim.

23. The results of the objective risk assessment instrument.

A-0121-17T1

decision to deny parole. The Board considered the relevant factors in N.J.A.C. 10A:71-3.11(b) and its decision is supported by sufficient credible evidence in the record. In particular, the Board relied on A.O.'s denial of his offense and his lack of insight into his criminal behavior. We defer to the Board's determination that A.O.'s denial and lack of insight signaled a reasonable likelihood he would violate conditions of parole. N.J.S.A. 30:4-123.53(a).

We also defer to the Board's determination that the presumptive twenty-seven-month FET was not warranted, based on its determination that A.O. had not made "satisfactory progress in reducing the likelihood of future criminal behavior." N.J.A.C. 10A:71-3.21(d). As the Board noted, A.O.'s completion of educational classes, his infraction-free institutional record, and other mitigating factors did not outweigh his denial of criminal behavior and his failure to come to terms with the impulses that led him to it.[4] The Board reasonably weighed the fact that A.O. had been incarcerated almost ten years and participated in many programs yet had failed to gain insight into, or take responsibility for, his crimes.

---

[4] We recognize that A.O. has an offer of employment and the support of friends and family, expressed in numerous letters. However, A.O. was employed and may have enjoyed that support when he committed the offenses. The authors of letters in support of A.O. demonstrate a striking neutrality regarding A.O.'s guilt.

However, while the Board may have reasonably concluded that A.O.'s incorrigibility over ten years suggested he would gain little insight in just twenty-seven months, the Board failed to articulate a reason for extending the FET over three times that.

We require an explanation of the agency's reasoning because it is "[o]ne of the best procedural protections against arbitrary exercise of discretionary power." Monks v. N.J. State Parole Bd., 58 N.J. 238, 245 (1971) (quoting Davis, Administrative Law § 16.12, at 585 (1970 Supp.)). Absent a statement of reasons, we cannot ascertain whether the Board's decision is justified or arbitrary and capricious. See Mejia v. N.J. Dep't of Corr., 446 N.J. Super. 369, 378-79 (App. Div. 2016) (reversing and remanding penalty for institutional infraction for failure to provide reasons for particular sanction); Balagun v. N.J. Dep't of Corr., 361 N.J. Super. 199, 203 (App. Div. 2003) (requiring agency to "disclose its reasons for any decision, even those based upon expertise, so that a proper, searching, and careful review by this court may be undertaken"). For example, the Board gave no weight to the impact the parole denial itself, or A.O.'s declining years, could have in spurring A.O. to view his conduct in a new light. As the Board failed to articulate a rational explanation for extending the FET

almost five years beyond the presumptive term, we remand to the Board to reconsider the length of the FET and to provide reasons for the term imposed.

Affirmed in part; remanded for reconsideration in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION