**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4192-16T2

SAMUEL MOORE,

      Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

      Respondent.

_____

Submitted November 8, 2018 – Decided September 3, 2019

Before Judges Alvarez and Nugent.

On appeal from the New Jersey State Parole Board.

Samuel Moore, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Gregory R. Bueno, Deputy Attorney General, on the brief).

PER CURIAM

Samuel Moore appeals from the April 19, 2017 final agency decision of the New Jersey State Parole Board (Board) denying his parole and establishing a one hundred twenty-month future eligibility term (FET). We affirm.

On January 14, 1992, Moore pled guilty to two counts of purposeful or knowing murder, N.J.S.A. 2C:11-3(1) or (2), and two weapons offenses.[1] He admitted using a hammer to bludgeon to death his twenty-three-year-old wife, who was six months pregnant, and his twenty-month-old son. On January 27, 1992, after merging the weapons offenses, the trial court sentenced Moore to serve two concurrent terms of life imprisonment, thirty years of which were to be served without parole.

Moore became eligible for parole in June 2016. A two-member panel of the Board denied Moore parole. Because the panel determined the presumptive FET may be inappropriate, the panel referred Moore's case to a three-member panel for review. On August 3, 2016, the three-member panel established a one hundred twenty month FET.

---

[1] In June 1987, a jury convicted defendant of all charges and sentenced him to death on the two murder counts. On January 23, 1991, the Supreme Court reversed the guilty verdict and death penalty sentence. State v. Moore, 122 N.J. 420, 427 (1991). In January 1992, defendant pled guilty to the counts for which he is presently incarcerated.

2

In a comprehensive written decision, the three-member panel noted Moore had been committed for multiple offenses, including two murders. Specifically, the panel noted Moore had struck his wife in the head with a hammer no less than twenty times. When his son entered the room, Moore struck him in the head several times.

During his incarceration, Moore committed four infractions, two of which were serious. Significantly, the panel also found Moore lacked insight into his anti-social behavior and had not sufficiently addressed a substance abuse problem.

During the parole hearing, the three-member panel questioned Moore about what he thought had motivated him to react with such rage and violence to a domestic dispute. The panel also questioned him about his drug use during his incarceration, and the panel attempted to determine whether Moore had any insight into his behavior "so it could be determined if there is a substantial likelihood that [he] would commit another crime if released." During the three-member panel's questioning of Moore at the parole hearing, the members pointed out that he had not explained what had enraged him to such a violent degree. They noted he had a wife and a girlfriend when he committed the crimes. The panel observed Moore smiling and laughing. When asked why he

A-4192-16T2

was laughing, Moore denied doing so. Moore admitted that he had never attempted to speak to anybody about the crimes or the degree of rage he demonstrated while committing them.

It was apparent to the panel Moore had no insight into his anger or the behavioral traits that caused him to become so violent during a domestic dispute. The panel determined Moore had "not fully explored the root causes to [his] maladaptive conduct." In fact, he had "begun [no] introspection addressing the internal characteristic that impelled [him] to commit the crimes." To the contrary, he had spoken to no one about the crimes or his violent actions. Consequently, the panel concluded that Moore's "lack of introspection would place public safety in grave jeopardy if [he] were to be released on parole at this time."

Although the three-member panel considered mitigating factors, it denied Moore parole. In addition, the panel determined the presumptive FET was clearly inappropriate due to Moore's lack of satisfactory progress in reducing the likelihood of future criminal behavior. After considering the factors set forth in the New Jersey Administrative Code relevant to its determination, the panel imposed a one hundred twenty-month FET.

Moore filed an appeal with the full Board.  On April 19, 2017, the Board upheld the panel recommendations to deny parole and impose a one hundred twenty-month FET.

Moore submits the following arguments for our consideration:

POINT ONE

THE NEW JERSEY STATE PAROLE BOARD'S DENIAL OF PAROLE WAS ARBITRARY AND CAPRICIOUS, WHERE THE REASONS STATED FOR DENIAL WERE INADEQUATE AND THE DENIAL WAS NOT SUPPORTED BY CREDIBLE EVIDENCE CONTAINED IN THE RECORD.

POINT TWO

THE BOARD PANEL DENIED APPELLANT HIS RIGHT TO PROCEDURAL DUE PROCESS DUE TO THE BOARD PANEL'S VIOLATION OF WRITTEN BOARD POLICY (Not Raised Below).

POINT THREE

THE BOARD PANEL UTILIZED ERRONEOUS MATERIAL FACTS TO DENY PAROLE TO APPELLANT.

POINT FOUR

THE USAGE OF PSYCHOLOGICAL CONCEPTS SUCH AS LACK OF INSIGHT, REMORSE AND/OR EMPATHY AS A SUBSTANTIAL BASIS FOR DENYING PAROLE CREATES ISSUES OF EQUAL AND UNIFORM STANDARDS OF REVIEW DUE TO THE VAGUENESS OF THESE CONCEPTS

5

BEING UNDEFINED AND HIGHLY SUBJECTIVE;
THUS ALLOWING AN ABUSE OF DISCRETION.

We have carefully considered Moore's arguments in light of the record and controlling legal principles. We affirm, substantially for the reasons expressed in the Board's comprehensive written decision, which is supported by sufficient credible evidence on the record as a whole. R. 2:11-3(e)(1)(D). We add only the following comments.

"Drawing on the diverse backgrounds of its members, the Parole Board makes 'highly predictive and individualized discretionary appraisals.'" Acoli v. N.J. Parole Bd., 224 N.J. 213, 222 (2016) (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)). Such "appraisals must realistically be recognized to be inherently imprecise, as they are based on 'discretionary assessment[s] of a multiplicity of imponderables, entailing primarily what a man is and what he may become rather than simply what he has done.'" Ibid. (alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 10 (1979)).

Our review of a Parole Board's decision is limited. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004). We "must determine whether the factual finding could reasonably have been reached on sufficient credible evidence in the whole record." Id. at 179 (citing Trantino v. N.J. State

Parole Bd., 166 N.J. 113, 172 (2001), modified, 167 N.J. 619 (2001)). The appellant has "[t]he burden of showing that an action was arbitrary, unreasonable or capricious[.]" McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002).

Here, the Board's determination that "there is a substantial likelihood that the inmate will commit a crime under the laws of the State of New Jersey if released on parole," as well as the Board's reasons for departing from the presumptive FET, are amply supported by the record. Moore's arguments to the contrary are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4192-16T2