**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0746-18T4

HARRY DE LA ROCHE,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

_____

          Submitted November 18, 2019 – Decided December 6, 2019

          Before Judges Sumners and Geiger.

          On appeal from the New Jersey State Parole Board.

          Harry De La Roche, appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Harry De La Roche appeals from the September 26, 2018 final agency decision of the New Jersey State Parole Board (Board) denying his parole and establishing a 120-month future eligibility term (FET). We affirm.

In November 1976, De La Roche was eighteen years old and a freshman at the Citadel Military Academy. While home for the Thanksgiving holiday, he brutally murdered his mother, father, and two brothers. He gave a statement to the police in which he confessed to fatally shooting his mother, father, and one brother, and to shooting and bludgeoning to death his other brother. De La Roche later recanted, claiming his brother had killed the other three family members and, in response, he killed that brother. De La Roche was charged with the murders and proceeded to trial. On January 26, 1978, a jury convicted De La Roche of four counts of first-degree murder. He was sentenced to four concurrent life sentences.

De La Roche initially became eligible for parole in 1990.[1] He became eligible for parole for the sixth time on December 21, 2017, after serving approximately thirty-nine years and nine months of his sentence. On October

---

[1] The Board conducted parole hearings in November 1991, October 2000, January 2005, February 2008, and January 2013. On each of those occasions, the Board denied parole and imposed FETs ranging from sixty months to 180 months.

A-0746-18T4

27, 2017, De La Roche received an initial hearing. The hearing officer referred the matter to a two-member Board panel.

On November 17, 2017, a two-member panel of the Board denied De La Roche parole, determining a substantial likelihood existed that he would commit a new crime if released on parole at that time. The two-member panel based its decision on the facts and circumstances of the offenses, specifically, first-degree murder of four victims; that De La Roche was incarcerated for multiple offenses; numerous institutional infractions,[2] with the last occurring on February 19, 1989; insufficient problem resolution, specifically, lack of insight into criminal behavior, denial of offenses, minimizing conduct, lack of adequate parole plan to assist in reintegration into the community; and other reasons. The panel stated:

> [Inmate] currently has great difficulty expressing or understanding as to his criminal thinking and behavior. He tends to rationalize the circumstances of his crime by discussing in terms of the evidence without accepting his contribution to a heinous crime. Presents as very matter of fact when dealing [with] highly emotional issues. Minimizes substance use and how it may contribute to criminal behavior. Demonstrates minimal empathy and tends to describe himself as a victim.

---

[2] In a January 26, 2018 amended notice of decision, the panel removed "institutional infractions" as a reason for denial.

The panel also considered the following mitigating factors: no prior offense record; infraction free since last panel; participation in programs specific to behavior; participation in institutional programs; minimum custody status achieved and maintained; and risk assessment evaluation.

Because the panel determined the presumptive FET may be inappropriate, it referred De La Roche's case to a three-member panel for the establishment of a FET that may be in excess of administrative guidelines. On February 14, 2018, the three-member panel established a 120-month FET.

In a comprehensive written decision, the three-member panel described the underlying facts and circumstances of the murders, De La Roche's confession to police, his subsequent recantation, and sentence. The panel noted De La Roche murdered his mother, father, and two brothers and was incarcerated on four concurrent first-degree counts. The three-member panel found De La Roche lacked insight into his anti-social conduct, minimized his violent actions, and denied key aspects of the crimes. The three-member panel then engaged in a lengthy analysis. It noted De La Roche had no prior criminal record or arrests and had used marijuana three or four times in prison many years ago.

The three-member panel also noted De La Roche's social history and what he said in response to the question if he understood why he "snapped." De La

A-0746-18T4

Roche did not "know whether to call it anger or rage." The three-member panel observed "the flat emotionless tone in which [he was] able to describe the murders." When De La Roche was asked by the three-member panel what he gained from the Focus On The Victim program, he stated, "to some extent I looked at myself as a victim."

The three-member panel noted that De La Roche's parole plan "is to placement" and involves going "to a halfway house for six months to a year." The three-member panel found this to be an inadequate plan to assist him in his "reintegration into the community" given his need for "a stable and supportive living arrangement along with a productive and viable employment opportunity if released on parole."

The three-member panel considered pertinent factors including "the aggravating factors surrounding the murders, along with an assessment of [his] mental and emotional health based on the statements [he] provided during Board panel questioning." The three-member panel expressed concern on how De La Roche would assimilate into society after forty years of incarceration.

The three-member panel noted De La Roche's continuing denial of murdering three of the four victims. It also noted De La Roche appeared "unsure and hesitant in providing a thoughtful answer" as to why he murdered his

brother. He stated his "behavior was not rational[]." The panel described his speech affect as "monotone" and he "appeared to lack discernable emotion or empathy." His answers were deemed "rote."

When speaking about the murders, De La Roche provided a summary of details that had no bearing on his suitability for parole. The three-member panel found that by being affected in this matter, forty-two years after the crimes, demonstrated De La Roche is "a troubled individual who is unable to adequately delve into his actions and decisions in an honest and forthright manner." As a result, the three-member panel found De La Roche has yet to "honestly assess" himself, "the true nature of [his] violent actions and how realistically [he] will handle/address life experiences of a stressful/confrontational nature if re-released into society at this time."

The three-member panel also noted his "guarded nature" and posture during the parole hearings. The three-member panel found De La Roche "over estimates the control" he has over his "emotional issues," and concluded "[m]ore work must be done on [his] part to realistically address [his] emotional issues in an honest and forthright manner." The three-member panel also addressed De La Roche's Letter of Mitigation and lengthy submissions in detail.

6

The three-member panel expressed specific reasons for the imposition of a 120-month FET. It found "that the factors supporting the denial of parole, are of such a serious nature as to warrant the setting of a [FET] which differs from the presumptive term of twenty-seven (27) months (+/- 9 months)." The three-member panel concluded that a 120-month FET "is necessary in order to address the issues" it enumerated. The three-member Board panel found that after forty years of incarceration, De La Roche "continue[s] to present as being unable to recognize and understand the depth of [his] emotional issues and how those issues affected [his] behavioral choices. He "admittedly obscure[s] [his] emotions when speaking of the murders by speaking in legal terms ('legalese')." His "lack of emotional engagement in daily life demonstrates an avoidance on [his] part in addressing stressful factors that played a role in . . . committing the murders."

The three-member panel further found De La Roche did "not recognize stressors, cues and triggers that would negatively impact upon [him] if [he] were re-released" and "how [he] will appropriately process negative situations is an issue in [his] case." De La Roche's "venting" to himself in response to daily stressors was found "to be an unrealistic approach to address said issues." Further, the

7

> emotional issues contributed to [him] committing the murders and that the prospect of similar stressors in the future will increase the potential for similar consequences, namely, the impact of any emotional distress or disappointment in personal relationships. More work needs to be done to address these concerns, but initially you must acknowledge the significance of this specific issue.

De La Roche filed an appeal with the full Board. After reviewing the entire record, including the confidential psychological evaluation, the Board issued a detailed final decision upholding the three-member panel's recommendations to deny parole and impose a 120-month FET. This appeal followed.

De La Roche submits the following arguments for our consideration: (1) the Board has no intention of granting parole no matter what he says or does; (2) the reasons for denying parole were insufficient; (3) the final agency decision contains a number of errors; (4) the Board miscalculated credits and the sentence; (5) the law of the case applies; and (6) the Acoli[3] ruling should not apply. He primarily argues the decision to deny parole and to impose a 120-month FET is not adequately supported by the record.

---

[3] Acoli v. N.J. State Parole Bd., 224 N.J. 213 (2016).

A-0746-18T4

We have carefully considered De La Roche's arguments in light of the record and controlling legal principles. We affirm, substantially for the reasons expressed in the Board's comprehensive written decision, which is supported by sufficient credible evidence on the record as a whole. R. 2:11-3(e)(1)(D). We add only the following comments.

"Drawing on the diverse backgrounds of its members, the Parole Board makes 'highly predictive and individualized discretionary appraisals.'" Acoli, 224 N.J. at 222 (quoting Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 359 (1973)). Such "appraisals must realistically be recognized to be inherently imprecise, as they are based on 'discretionary assessment[s] of a multiplicity of imponderables, entailing primarily what a man is and what he may become rather than simply what he has done.'" Ibid. (alteration in original) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 10 (1979)).

Our review of a Parole Board's decision is limited. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004). We "must determine whether the factual finding could reasonably have been reached on sufficient credible evidence in the whole record." Ibid. (citing Trantino v. N.J. State Parole Bd., 166 N.J. 113, 172 (2001), modified, 167 N.J. 619 (2001)). The appellant has "[t]he burden of showing that an action was arbitrary, unreasonable or

A-0746-18T4

capricious." McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002).

Applying those well-established principles, we discern no basis to overturn the Board's final decision. The Board considered the relevant facts and submissions in denying parole and imposing the FET. The Board's determination "that a preponderance of evidence indicates that there is a substantial likelihood that [De La Roche] would commit a crime if released on parole at this time," as well as the Board's reasons for departing from the presumptive FET and imposing a 120-month FET, are amply supported by the record and consistent with controlling law. The Board's decision was not arbitrary, capricious, or unreasonable. De La Roche's primary argument to the contrary is without sufficient merit to warrant further discussion; his remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0746-18T4