**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1387-18T3

ROBERT HANKINS,

    Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

    Respondent.

_____

        Submitted December 19, 2019 – Decided January 22, 2020

        Before Judges Suter and DeAlmeida.

        On appeal from the New Jersey State Parole Board.

        Robert Hankins, appellant pro se.

        Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Christopher Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Robert Hankins appeals from the October 31, 2018 final agency decision of the New Jersey State Parole Board (Board) denying him parole and establishing a thirty-six-month future eligibility term (FET).  We affirm.

I.

The following facts are derived from the record.  Hankins is serving a life sentence for the 1982 murder and robbery of his estranged wife.  After the victim told Hankins she wanted a divorce, he stabbed her in the throat and chest, lacerating her heart and aorta.  Hankins then attempted to make his wife's murder look as if it was the result of a burglary by ransacking the home and removing valuables.  A short time after the murder, police found Hankins in possession of the victim's television, as well as gold jewelry belonging to the victim's sister, with whom the victim lived.

A jury convicted Hankins of murder, first-degree robbery, and third-degree theft.  The court sentenced him to life imprisonment, with a twenty-five-year period of parole ineligibility, and a consecutive five-year term on the robbery and theft charges, which the court merged.

In 2018, after serving approximately thirty-five years of his sentence, Hankins became eligible for parole for the fifth time.  A two-member panel of

the Board denied parole and established a thirty-six-month FET.[1]  Hankins appealed the two-member panel decision to the full Board.

On October 31, 2018, the Board affirmed the two-member panel's decision.  In its written decision, the Board noted the evidence on which the two-member panel relied, including: (1) the facts and circumstances of Hankins's offenses; (2) his criminal record; (3) his incarceration on multiple offenses; (4) his failure to refrain from criminal activity after prior periods of probation and incarceration; and (5) his numerous institutional infractions while incarcerated.[2]  In addition, the two-member panel determined Hankins exhibited insufficient problem resolution, a lack of insight into his criminal behavior, and minimization of his conduct.  The Board also noted the two-member panel relied on confidential information, the nature of which was revealed to Hankins, see N.J.A.C. 10A:71-2.2(c), as well as a risk assessment evaluation indicating a moderate risk of recidivism.

---

[1]  Because Hankins committed his crimes prior to 1997, his FET, which commenced on his July 2018 parole eligibility date, will be reduced by commutation, work, and minimum custody credits.  N.J.A.C. 10A:71-3.2(i).

[2]  During his incarceration Hankins was adjudicated guilty of seventeen disciplinary infractions, including five infractions designated as serious by Department of Corrections regulations.

The Board rejected Hankins's argument the two-member panel's decision was made without consideration of the positive aspects of his institutional record. The Board noted the two-member panel considered as mitigating factors that Hankins: (1) has a minimal prior criminal offense record; (2) was free of institutional infractions since the last panel hearing; (3) participated in institutional programs specific to his behavior; (4) made a favorable institutional adjustment; (5) attempted to enroll and participate in additional programs; (6) achieved minimum custody status; and (7) had commutation time restored after disciplinary sanctions.[3]

Thus, the Board concluded

> the Board panel did not solely base its decision to deny parole on the negative aspects in the record, rather, the Board finds that the Board panel based its decision on the entire record governed by the factors set forth in the statutory requirements and N.J.A.C. 10A:71-3.11.
>
> . . . .
>
> [T]he Board concurs with the determination of the Board panel that a preponderance of the evidence indicates that there is a substantial likelihood that you would commit a crime if released on parole at this time. Accordingly, the Board affirms the Board panel's . . . decision to deny parole and establish a thirty-six (36) month [FET].

---

[3] As sanctions for his disciplinary infractions, Hankins lost a total of 965 days of commutation time; 368 of those days ultimately were restored.

A-1387-18T3

This appeal followed. Hankins raises the following arguments for our consideration:

POINT I

THERE WAS A DENIAL OF DUE PROCESS WHERE THE PAROLE BOARD ADMITTEDLY FAILED TO MEET THE "SUBSTANTIAL EVIDENCE" STANDARD FOR DENYING PAROLE.

POINT II

THE FACTORS RELIED UPON BY THE PAROLE BOARD DO NOT ESTABLISH A SUBSTANTIAL LIKELIHOOD OF RECIDIVISM.

II.

We accord considerable deference to the Board, and our review of its decision is limited. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004). We will overturn a Parole Board decision only if it is arbitrary and capricious. Perry v. N.J. State Parole Bd., 459 N.J. Super. 186, 193 (App. Div. 2019). An appellate court must not substitute its judgment for that of the agency, and an agency's decision is accorded a strong presumption of reasonableness. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). The burden of showing that an action was arbitrary, unreasonable or capricious rests upon the appellant. Barone v. Dep't of Human Servs., 210 N.J. Super. 276, 285 (App. Div. 1986), aff'd, 107 N.J. 355 (1987).

For offenses committed before August 18, 1997, "the Parole Board may deny parole release if it appears from a preponderance of the evidence that 'there is a substantial likelihood that the inmate will commit a crime under the laws of this State if released on parole at such time.'" Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7 (App. Div. 2000) (quoting L. 1979, c. 441, § 9). When reaching a decision under this standard, the Board must consider the aggregate of all pertinent factors, including those set forth in N.J.A.C. 10A:71-3.11(b).

In addition, an inmate serving a sentence for murder is ordinarily assigned a twenty-seven-month FET after a denial of parole. See N.J.A.C. 10A:71-3.21(a)(1). The Board may increase or decrease the standard FET "by up to nine months when, in the opinion of the Board panel, the severity of the crime for which the inmate was denied parole and the prior criminal record or other characteristics of the inmate warrant such adjustment." N.J.A.C. 10A:71-3.21(c). Here, the two-member panel increased the standard FET by nine months.

After carefully considering the record in light of the applicable legal principles, we affirm the Board's well-reasoned final agency decision, which is supported by sufficient credible evidence. R. 2:11-3(e)(1)(D). We add only the following brief comments.

6

We disagree with Hankins's argument the two-member panel and the Board applied the incorrect standard when denying parole. In support of his argument, Hankins relies on the following handwritten notation on the two-member panel's decision:

> [Hankins] continues to have limited understanding of his behavior and may benefit from one[-]on[-]one counseling. It appears he has limited ability on his own to examine his actions [and] may be helped because he seems to really want help. Meanwhile, as it stands, he is not ready to be paroled as it is not clear that he would not commit a new crime.

The Board, in its final decision, quoted this passage when recounting the two-member panel's decision. However, the panel's written decision also states, "[t]he Panel has determined a substantial likelihood exists that you would commit a new crime if released on parole at this time." This is the correct statutory standard. In addition, as noted above, the Board's final decision states that the Board "concurs with the determination of the Board panel that a preponderance of the evidence indicates that there is a substantial likelihood that you would commit a crime if released on parole at this time." We are satisfied both the two-member panel and the Board applied the appropriate standard when denying Hankins parole.

A-1387-18T3

To the extent we have not addressed other arguments raised by Hankins, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION