**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4569-19

JAHBORN GARRETT,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted November 4, 2021 – Decided February 2, 2022

Before Judges Haas and Mitterhoff.

On appeal from the New Jersey State Parole Board.

Jahborn Garrett, appellant pro se.

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Jane C. Schuster, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

Jahborn Garrett, pro se, appeals from a May 27, 2020 New Jersey State Parole Board (Board) final agency decision denying him parole and imposing an eighteen-month future eligibility term (FET).

On February 10, 2014, Garrett pleaded guilty to first-degree armed robbery, N.J.S.A. 2C:15-1(b), and was subsequently sentenced to a six-year term of incarceration. Although Garrett was convicted of first-degree robbery, his offense was treated as a second-degree crime for sentencing purposes. He was sentenced under the No Early Release Act, N.J.S.A. 2C:43-7.2, which included a five-year term of mandatory parole supervision (MPS) upon his release from custody. Upon his release, Garrett violated the terms of MPS and was returned to custody on April 18, 2019.

On May 8, 2019, the Board revoked his parole and imposed a twelve-month FET. Garrett's current maximum sentence is four years, four months, and eleven days which is equivalent to the time remaining on his five-year MPS term. After returning to custody, he committed three institutional disciplinary infractions, including two "asterisk" infractions, which the Department of Corrections considers to be the most serious. See N.J.A.C. 10A:4-4.1. The asterisk infractions included fighting and disruptive conduct, while the third infraction was for entering an unauthorized area.

2

Garrett next became eligible for parole on April 17, 2020. On December 20, 2019, he received an initial hearing which occurred approximately eight months into his current sentence. A hearing officer referred the case to a Parole Board panel for a hearing.

On February 3, 2020, a two-member Board panel denied parole and imposed an eighteen-month FET. The panel grounded its decision on: the facts and circumstances of the offense; Garrett's repetitive and extensive prior offense record; the increasingly serious nature of his criminal offenses; the fact that prior probation failed to deter criminal behavior; the fact that his current opportunity on parole was revoked for technical violations; his commission of institutional disciplinary infractions, with the most recent occurring in December 2019; insufficient problem resolution and a lack of insight into criminal behavior as demonstrated by the panel interview and documentation in his case file; and the results of a risk assessment evaluation which yielded a "moderate" risk of recidivism. The Board did find mitigating factors which included: Garrett's participation in institutional programs, an attempt made to enroll and participate in programs to which he was not admitted, and institutional reports that reflected favorable institutional adjustment.

3

Garrett appealed the panel's decision to the full Board. On May 27, 2020, the Board affirmed the panel's decision to deny parole and impose an eighteen-month FET.

On appeal, Garrett argues:

POINT I

THE STATE PAROLE BOARD['S] DECISION TO DENY APPELLANT['S] APPEAL WAS ARBITRARY, CAPRICIOUS, UNREASONABLE AND UNSUPPORTED . . . BY CREDIBLE EVIDENCE IN THE RECORD.

POINT II

GARRETT WAS WRONGFULLY VIOLATED AND GIVEN AN [EIGHTEEN]-MONTH FUTURE ELIGIBILITY TERM FOR A DISCIPLINARY INFACTION THAT HE ALLEDGE[S] HE WAS A VICTIM [IN].

POINT III

THE BOARD PANEL FAILED TO PROPERLY CONSIDER ALL MITIGATING FACTORS.

POINT IV

THE BOARD PANEL FAILED TO CONSIDER PLACEMENT INTO A PROPER TREATMENT FACILITY TO ADDRESS SPECIFIC NEEDS.

Our review of a parole board's decision is limited. Hare v. N.J. State Parole Bd., 368 N.J. Super. 175, 179 (App. Div. 2004). We "must determine

4

whether the factual finding could reasonably have been reached on sufficient credible evidence in the whole record." Ibid. (citing Trantino v. N.J. State Parole Bd., 166 N.J. 113, 172, modified, 167 N.J. 619 (2001)). We will overturn a parole board's decision only if it is arbitrary and capricious. Perry v. N.J. State Parole Bd., 459 N.J. Super. 186, 193 (App. Div. 2019). An appellate court must not substitute its judgment for that of the agency, and an agency's decision is accorded a strong presumption of reasonableness. McGowan v. N.J. State Parole Bd., 347 N.J. Super. 544, 563 (App. Div. 2002). The appellant bears "[t]he burden of showing that an action was arbitrary, unreasonable or capricious." Ibid.

The Board must consider the factors enumerated in N.J.A.C. 10A:71-3.11(b)(1)-(23) in making its decision. The Board, however, is not required to consider each and every factor; rather, it should consider those applicable to each case. McGowan, 347 N.J. Super. at 561.

We have considered Garrett's contentions and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We affirm, substantially for the reasons expressed by the Board in its cogent decision. We add the following remarks.

The Board considered all relevant material factors in Garrett's case before denying parole. The Board based its finding that Garrett exhibited insufficient problem resolution, and specifically that he lacks insight into his criminal behavior, based on questions posed to him at his hearing. The Board considered Garrett's risk assessment evaluation and score of twenty-two which indicated a moderate risk of recidivism. The Board weighted the fact that he had recently gotten into a fight, which resulted in institutional disciplinary measures. The Board also considered the nature of his underlying criminal offense, his prior criminal record, and failure of prior opportunities on parole.

The Board considered mitigating circumstances as well, including Garrett's participation in institutional programs, the reports that reflected his favorable institutional adjustment, and his attempts to enroll and participate in programs to which he was not admitted. The Board even amended its initial report to add Garrett's participation in institutional programs as a mitigating factor. The Board's action was consistent with the applicable law. We reject Garrett's contention that the Board's decision was arbitrary or capricious and find there is substantial credible evidence in the record to support the denial of parole.

Likewise, we are satisfied that the eighteen-month FET imposed by the Board is supported by the record. The presumptive FET for an inmate who is serving a sentence for armed robbery and is denied parole is twenty-three months under N.J.A.C. 10A:71-3.21(a)(2). The standard FET "may be increased or decreased by up to nine months when, in the opinion of the Board panel, the severity of the crime for which the inmate was denied parole and the prior criminal record or other characteristics of the inmate warrant such adjustment." N.J.A.C. 10A:71-3.21(c). Here, the decrease in the FET taken together with the rest of Board panel's analysis, reflects the panel's careful consideration in this manner, and is well-supported by the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4569-19